MEMPHIS STREET RAILWAY COMPANY *v.* MOORE, ADMINISTRATOR OF DOUGLAS.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 623.   Argued January 29, 1917.—Decided March 6, 1917.

Where no conflict with the Federal Constitution or laws is involved, a construction of a state statute by the highest court of the State is accepted by this court as conclusive.

The act of Tennessee providing that when nonresidents qualify in the State as the personal representatives of decedents dying and leaving assets therein such nonresidents shall be treated as citizens of the

State for the purpose of suing and being sued, was not intended to exclude them from resort to the federal courts.

The purpose of the act as construed by the State Supreme Court was to permit them to sue *in forma pauperis*.

232 Fed. Rep. 708, affirmed.

THE case is stated in the opinion.

Mr. *Roane Waring*, with whom Mr. *Luke E. Wright* was on the brief, for petitioner.

Mr. *Ike W. Crabtree*, with whom Mr. *Milton J. Anderson* was on the briefs, for respondent.

MR. JUSTICE CLARKE delivered the opinion of the court.

The respondent, S. C. Moore, a citizen of Arkansas, in his representative capacity as administrator of the estate of Ivy B. Douglas, deceased, under appointment by the Probate Court of Shelby County, Tennessee, sued the petitioner, the Memphis Street Railway Company, a corporation organized under the laws of Tennessee, in the United States District Court for the Western District of Tennessee, for wrongfully causing the death of his decedent. He recovered judgment, which was affirmed by the Circuit Court of Appeals and the case is here on certiorari for review of the holding of that court that the plaintiff had legal capacity to maintain the suit in a federal court.

On the face of the declaration there was the requisite diversity of citizenship to give the federal court jurisdiction, but the petitioner claims that the respondent, Moore, although a citizen of Arkansas, must be treated as a citizen of Tennessee under the statute of that State, entitled "An Act to declare that for the purpose of suing and being sued, a nonresident of Tennessee, who qualifies as executor or administrator in Tennessee shall be considered a citizen of Tennessee, and to provide for the service of

process upon him" (c. 501, p. 1344, Acts of 1903), which provides:

"That whenever a nonresident of the State of Tennessee qualifies in this State as the executor or administrator of a person dying in or leaving assets or property in this State, for the purpose of suing and being sued, he shall be treated as a citizen of this State."

The remainder of the act prescribes the method of service of summons upon such a nonresident executor or administrator.

Upon a full review of the legislation of the State in *Southern Railway Co.* v. *Maxwell*, 113 Tennessee, 464, the Supreme Court of Tennessee decided that the sole purpose of this act is to extend to such nonresident executors and administrators as are described in it the privilege of suing in the state courts *in forma pauperis*, and that the effect of it, when read with the other statutes of the State on the subject, is to confine this privilege to the people of the State or to suits devoted to their interest, "since the right is not extended to non-resident administrators generally, but only to those who have qualified in this State as the personal representative of persons dying or leaving assets or property in this State." No conflict with the Federal Constitution or laws being involved, this construction of the state statute will be accepted by this court as conclusive. *Elmendorf* v. *Taylor*, 10 Wheat. 152, 159; *Old Colony Trust Co.* v. *Omaha*, 230 U. S. 100, 116.

But irrespective of this rule we quite agree with this authoritative declaration that the only purpose of the act is to determine privileges in the state courts of nonresidents who may be appointed administrators or executors of the estates of persons such as are described in the act. There is nothing whatever in the statute which indicates any intention on the part of the legislature to exclude nonresident executors or administrators from resort to fed-

eral courts under appropriate conditions and the con-
struction which is urged upon us to give to it such an
effect is too strained and artificial to be allowed. The
judgment of the Circuit Court of Appeals is

*Affirmed.*