## THIRD AVE. RY. CO. v. MILLS.

(Circuit Court of Appeals, Second Circuit. February 13, 1918.)

No. 138.

1. CARRIERS ⊶318(7)—INJURY TO PASSENGER—COLLISION OF STREET CAR WITH VEHICLE—NEGLIGENCE.

Plaintiff, while a passenger on defendant's street car, going at moderate speed, was injured by a collision with a motor truck, which was suddenly and negligently turned 'upon the track from 20 to 25 feet in front of the car. Plaintiff's evidence did not show within what distance the car could have been stopped; but his counsel, by a question not germane to the cross-examination, brought out testimony from a witness for defendant, which was uncontradicted, that it could not have been stopped within less than 35 or 40 feet. *Held*, that there was no evidence of negligence on the part of defendant which would sustain a verdict for plaintiff.

2. TRIAL ⊶296(3)—INSTRUCTIONS—CURE OF ERROR.

An instruction, in an action by a passenger against a street railroad company to recover for a personal injury, that if the injury could have been avoided by the motorman by "the exercise of the highest degree of care" defendant was chargeable with negligence, *held* not reversible error, where it was also stated that what constituted the highest degree of care must be determined from all the facts and circumstances of the case.

3. TRIAL ⊶120(3)—MISCONDUCT OF COUNSEL.

The conduct of counsel for plaintiff, in an action against a street railroad company for injury to a passenger, in repeatedly referring to the matter of an existing strike, after the court had excluded any evidence on the subject as irrelevant, showed disrespect to the court, discredits any verdict in favor of his client, and might have been ground for reversal of the judgment based thereon.

In Error to the District Court of the United States for the Southern District of New York.

Action at law by Edward T. Mills against the Third Avenue Railway Company. Judgment for plaintiff, and defendant brings error. Reversed.

The action is to recover for personal injuries received by plaintiff below while a passenger on one of defendant's street cars, which collided with a motor truck on Third avenue, between Twenty-Third and Twenty-Second streets. The avenue at this point contains the north and south bound tracks of the street railway, which lie between the two rows of pillars supporting the elevated railway structure. The space between pillars in same line is 42 feet, and each line of pillars is 3½ feet from the nearest street car rail.

Plaintiff's car, south bound (i. e., on westerly track) had stopped at Twenty-Third street, and had regained a speed characterized as moderate, and estimated at 5 or 6 miles an hour. At same time the motor truck, 20 feet long, was traveling south, on west side of avenue between elevated pillars and curb, at a slightly faster rate, estimated at 7 miles per hour. In order to avoid a coal-laden vehicle, the truck turned to the east, between the railway pillars, still continuing its speed, and, when its front wheels were on the railway

track, the street car ran into it. This occurred in broad daylight, and plaintiff, seeing contact probable, if not certain, rose from his seat, and on collision was thrown against a railing, receiving a blow said to have caused a hernia.

Whether the truck gave any signal of intent to go on railway track, was not proved. One witness said a man on the left of truck seat, not the chauffeur, "put out his hand"; but the only evidence from the truck was that it had a left-hand drive, and the witness (and only person on the truck other than the chauffeur) said he did nothing, sat on the right, and knew not what the chauffeur (who did not testify) did, if anything. Plaintiff noticed the truck on the roadway between curb and pillars, and about 30 feet ahead of car, saw it "turn right in between the pillars," and reach the street car track, when the car was 20 or 25 feet away. Collision happened almost instantly. The owner of truck was not sued in this action.

The foregoing summary is taken wholly from evidence adduced for plaintiff, who had a verdict. We notice the following assignments of error: (1) Plaintiff should have been nonsuited; (2) the court erred in charging that, if defendant's motorman by "the exercise of the highest degree of care" could have stopped the car in time to avoid collision, the jury could find defendant "guilty of negligence"; and (3) counsel for plaintiff, by improper conduct, prevented a fair trial.

Alfred T. Davison, of Brooklyn, N. Y., for plaintiff in error.
Louis Boehm, of New York City, for defendant in error.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] The testimony for plaintiff proved a plain case of negligent driving by the motor truck; the only negligence suggested against the street car was that it did not stop as soon as it could. As to how soon it could stop there was no evidence at all, until defendant's witnesses were produced, when questions by plaintiff's counsel elicited testimony that even the emergency brake could not stop a car going at the rate stated by plaintiff in less than 35 to 40 feet. The questions so asked were not germane to anything the witness had said on direct examination. Deutschmann v. Third Ave. R. R., 78 App. Div. at page 414, 79 N. Y. Supp. 1073.

It is true (nearly always) that a jury is not bound to believe any particular witness, but they must believe some witness, or reach conclusion by comparison of divers and different statements. Here there were no differing statements on the point under consideration. Any verdict must rest on evidence, and plaintiff's evidence did not prove nor tend to show that the car could have stopped within 20 to 25 feet, or any other definite distance; while testimony deliberately sought by his counsel on cross-examination tended to show the impossibility of the hypothesis (it was no more when plaintiff rested) on which his case was founded.

Therefore the complaint should have been dismissed; a conclusion reached without any attention paid to witnesses for defendant, who testified to conduct by the motor truck even more wanton than that above indicated.

[2] That there must be a new trial, justifies notice of the other assignments. The exception to charge as to degree of care must be considered in connection with the charge as a whole, and the learned judge carefully pointed out that while the highest degree of care was

due, "what the highest degree of care is must be determined by all the facts and circumstances of the case"; that is, negligence is the lack of care under the circumstances shown, and care is the absence of negligence under the same circumstances. The circumstances vary, and they measure the care due, and therefore the negligence. It would be more accurate to apply descriptive adjectives (if they are necessary at all) to the circumstances, rather than to their result; but, since the jury were plainly told that the facts measured the care, we discover no error in the statement.

On this point we have been favored with abundant citations from many courts, but none from those whose decisions are ruling with us. Milwaukee, etc., R. R. v. Arms, 91 U. S. at page 489, 23 L. Ed. 374, and Grand Trunk R. R. v. Ives, 144 U. S. at page 417, 12 Sup. Ct. 679, 36 L. Ed. 485, sufficiently cover the unnecessary use of adjectives characterizing either negligence or care. Railroad Co. v. Varnell, 98 U. S. at page 480, 25 L. Ed. 233, is especially applicable to street conveyance; Memphis Ry. v. Bobo (C. C. A. 6) 232 Fed. at page 711, 146 C. C. A. 634 (affirmed on another point as Memphis Ry. v. Moore, 243 U. S. 299, 37 Sup. Ct. 273, 61 L. Ed. 733), is a recent statement of the rule, substantially as put in the court below, though with more numerous adjectives, of which error cannot be asserted, if and when the jury is well instructed that negligence and care are present or absent according to the facts proved.

[3] The conduct of plaintiff's trial counsel requires comment. He was evidently determined to get before the jury the fact that a strike (by whom does not appear) was at the time affecting the street car service. To that end he asked a question in cross-examination which implied that the witness was a "strike breaker." The question was excluded, and counsel told that the case had "not anything to do with the strike," and thereafter he repeatedly referred to the matter; defendant not repeating objection. There existed at the close of all the evidence nothing connecting accident and strike, and no denial or doubt of the statement of defendant's motorman that his employment antedated the strike referred to.

Whether this proceeding alone would have required reversal we do not decide; to show the importance of the matter, or its triviality, would require further exposition of facts; but we point out that defendant was not under any obligation to call attention to the matter more than once, that merely asking the questions constituted the prejudice to defendant, that repeating the suggestion or insinuation after one correction from the court was disrespect to that court, and that such a course of proceeding, in a matter sufficiently grave, discredits any verdict, and may in the appellate court vitiate the judgment rested thereon. Cosselmon v. Dunfee, 172 N. Y. 507, 65 N. E. 494; Simpson v. Foundation Co., 201 N. Y. at page 490, 95 N. E. 10. Cf. Williams v. Brooklyn, etc., Co., 126 N. Y. at page 103, 26 N. E. 1048.

Judgment reversed, and **new trial ordered.**