## HUNT v. NOLL.
### No. 8138.

Circuit Court of Appeals, Sixth Circuit.
May 6, 1940.

William C. Sugg, of Nashville, Tenn. (Walker & Hooker, of Nashville, Tenn., on the brief), for appellant.

William Howard Ewing and Lee Douglas, both of Nashville, Tenn., for appellee.

Before HICKS, ALLEN, and ARANT, Circuit Judges.

HICKS, Circuit Judge.

On August 8, 1935, appellant, as the Administratrix of the Estate of Robert Morris Mifflin, brought suit against appellee, Mrs. W. G. (Mary) Noll, in the Circuit Court of Davidson County, Tennessee, for damages for the alleged wrongful death of her intestate as a result of injuries sustained in a collision between an automobile driven by him and one operated by appellee and licensed under the laws of Illinois.

The record shows that appellant, deceased's mother, was actually a citizen and resident of Florida; that the deceased himself was a resident of Tennessee and met his death on a highway in Tennessee on November 4, 1934; and that appellee was a resident and citizen of Illinois.

On December 5, 1934, appellant was appointed administratrix of the estate of the deceased by the County Court of Davidson County, Tennessee, wherein the deceased resided. She brought her suit in the Circuit Court of Davidson County by the issuance of a summons. The Secretary of State of Tennessee accepted service of this summons pursuant to the provisions of Sec. 8671 of the Code of Tennessee for 1932, which section constituted him an agent for acceptance of service of process "in any civil action brought by a resident of this state" against a nonresident for an accident or injury resulting from operation by the nonresident of a motor vehicle on the highways of the State. Sec. 8671 is quoted: "8671. Owner, etc., of motor vehicle using highway submits to jurisdiction, how.— Any owner, chauffeur or operator of any motor vehicle that is not licensed under the laws of this state who shall make use of the privilege, hereby extended to nonresidents of the state, to operate such vehicle on highway or highways within the state, shall be deemed thereby to constitute the secretary of state of this state his agent for acceptance of service of process in any civil action brought by a resident of this state against him, arising out of any accident or injury occurring in this state in which such vehicle is involved. Such use of a highway shall be treated as an agreement on the part of said person that such service of process shall have the force and validity of personal service on him within

the jurisdiction of this state and county of action."

The cause was removed to the District Court and appellee filed a plea in abatement averring that the summons was void because the record showed that appellant was not a citizen or resident of Tennessee and hence not entitled to obtain service of process through the agency of the Secretary of State. The District Judge sustained the plea and dismissed the suit.

The question is, whether under the quoted provision of the Code, a nonresident who qualified as administratrix of the estate of the deceased resident is to be considered a resident of Tennessee for the purpose of obtaining service through the agency of the Secretary of State upon the alleged nonresident tort feasor. This question must be determined upon a consideration of the statute in connection with certain other statutory provisions and decisions of the Supreme Court of Tennessee and of the United States Supreme Court.

Sec. 8148 of the Code of Tennessee provides in part: "8148 3937a1. Nonresident executor or administrator qualified here may be sued here by service of process on county court clerk.—Whenever a nonresident of the state qualifies in this state as the executor or administrator of a person dying in or leaving assets or property in this state, for the purpose of suing or being sued, he shall be deemed to have assented to be treated as a resident citizen of this state; * * *."

This section, with inconsequential verbal modifications and omissions, was carried into the Code from Sec. 1 of Chapter 501 of the Acts of Tennessee of 1903. It was construed in Railroad Co. v. Maxwell, 1904, 113 Tenn. 464, 82 S.W. 1137, 1138 to permit a nonresident administrator of the estate of a deceased resident to prosecute a suit pursuant to the administration under the pauper oath. The court said that: "Looking to the language of the act, we find its terms broad and general. It is said that, 'for the purposes of suing and being sued, he (such nonresident "executor or administrator of a person dying in or leaving assets or property in this state") shall be treated as a citizen of this state.' There is no exception as to the form, methods, agencies, or privileges of suit. All are included. On what ground should

the court introduce an exception? None is perceivable."

This construction of Sec. 8148 was recognized and approved by the Supreme Court of the United States in Memphis Street Ry. Co. v. Moore, 243 U.S. 299, 37 S.Ct. 273, 61 L.Ed. 733; see also Mann v. Smith, 158 Tenn. 463, 467, 14 S.W.2d 722.

We think it follows that, for the purposes of her suit as administratrix, appellant must be treated as a citizen of Tennessee. The right of action was that of deceased. Whaley v. Catlett, 103 Tenn. 347, 355, 53 S.W. 131; Davidson Benedict Co. v. Severson, 109 Tenn. 572, 72 S.W. 967. If he had survived and had brought suit for damages for his injuries the question here presented would not have arisen; but upon his death his right of action passed to his personal representative. Williams Tennessee Code 1934, Sec. 8236. And as a nonresident administratrix she is to be deemed to be a citizen of Tennessee with the privilege of having her summons accepted by the Secretary of State just as if she had been an actual resident of the State. The reason is plain. Appellant's suit was to enforce a cause of action belonging to a deceased resident of the State; or, put in another way, was devoted to his interest. Railroad v. Maxwell, supra; Memphis Street Ry. Co. v. Moore, supra. It is true that the cause of action is prosecuted for the benefit of appellant as the mother of the deceased in the absence of a widow, children or next of kin [Williams Tennessee Code 1934, Sec. 8236; Sharp v. C., N. O. & T. P. Ry Co., 133 Tenn. 1, 179 S.W. 375, Ann.Cas.1917C, 1212; Middle Tennessee R. R. Co. v. McMillan, 134 Tenn. 490, 505, 184 S.W. 20] yet a recovery would be in the right of the deceased himself. If the deceased had survived and brought suit, or if upon his death a suit had been brought by a resident administrator, in either case process accepted by the Secretary of State would have been valid. Under Sec. 8148 as construed in Railroad v. Maxwell, supra, appellant as a nonresident administratrix in bringing her suit was entitled to the same methods and privileges as would have been accorded to the deceased himself or to a resident representative.

It follows that the judgment of the District Court is reversed and the case is remanded for further proceedings consistent herewith.