### BREEDEN v. ATLANTIC COAST LINE R. CO.
#### Civ. A. No. 2335.

United States District Court
E. D. South Carolina, Florence Division.

Nov. 2, 1949.

G. G. McLaurin, Dillon, S. C., N. Walser Edens, Bennettsville, S. C., S. S. Tison, Bennettsville, S. C., for plaintiff.

Stevenson & Lindsay, Bennettsville, S. C., Woods & Woods, Marion, S. C., M. V. Barnhill, Jr., Wilmington, N. C., for Atlantic Coast Line R. Co.

WARING, Chief Judge.

This is a suit based upon claim for alleged wrongful death brought under Lord Campbell's Act. The plaintiff administrator is a resident and citizen of the State of Virginia and the defendant railroad company is chartered by that same state. The complaint alleges that plaintiff's intestate, Carlisle Adams, was struck and killed by a

train operated by the defendant corporation. The case was brought in the Court of Common Pleas for Marlboro County, South Carolina, and by appropriate proceedings was removed from that court to this. The amount in controversy is in excess of $3,000. The petition for removal alleges that decendent was, at the time of his death, a resident and citizen of the County of Dillon, South Carolina and that he left five heirs and distributees all of whom are residents of South Carolina save one who is a resident of the State of Arkansas. The petition further shows that L. T. Gibson, a resident of the State of North Carolina filed a petition in the Probate Court of Dillon County, South Carolina praying for letters of administration. It is alleged that although no letters of administration appear in the records of the Probate Court, there is a "purported qualification" by Gibson. But later Gibson addressed a letter to the Probate Court resigning and thereafter, the said Court made an order accepting the resignation and ordered further proceedings for the appointment of an administrator. Subsequently, A. DuPre Breeden, a resident and citizen of the State of Virginia filed a petition in the Dillon County Probate Court praying for letters of administration and such letters were issued.

The petition charges that the sole purpose of having this non-resident administrator appointed, instead of the father or some other member of the decedent's family was to deprive the railroad company of its right to remove this cause from the State Court to the United States Court; and the allegation is made that this same device has been used in another case represented by the same counsel appearing for plaintiff in this cause. The petition charges that there is a lack of good faith and that this is not a controversy solely between citizens of different states.

As stated, this action for alleged wrongful death is brought under a statute commonly known as Lord Campbell's Act. Statutes of this character are practically the same in our various states. The pertinent Statutes of South Carolina, Code of Laws 1942, §§ 411, 412, provide that such an action shall be brought by or in the name of the executor or administrator of the deceased person. Section 8952 allows a non-resident to be appointed administrator under certain conditions.

Rule 17 of the Federal Rules of Civil Procedure for the District Courts, 28 U.S. C.A., provides that every action should be prosecuted in the name of the real party in interest, but an executor or administrator may sue in his own name without joining with him the party for whose benefit the action is brought.

■ In the instant case it appears that the named plaintiff has duly qualified as administrator and presents this suit in his name as such. It is well established that where a suit is brought by an administrator, the citizenship and residence of the administrator, himself, governs rather than that of the estate or the deceased whom he represents. This has been established by repeated decisions of the Supreme Court of the United States and other Federal Courts. In Rice v. Houston, 13 Wall. 66, 80 U.S. 66, 67, 21 L.Ed. 484, the Court says: "The question of jurisdiction is the only point in the case. Although in controversies between citizens of different States, it is the character of the real and not that of the nominal parties to the record which determines the question of jurisdiction, yet it has been repeatedly held by this court that suits can be maintained in the Circuit Court by executors or administrators if they are citizens of a different State from the party sued; on the ground that they are the real parties in interest, and succeed to all the rights of the testator or intestate by operation of law. And it makes no difference that the testator or intestate was a citizen of the same State with the defendants, and could not, if alive, have sued in the Federal courts; nor is the status of the parties affected by the fact that the creditors and legatees of the decedent are citizens of the same State with the defendants."

A more recent discussion and decision on this issue, particularly as it applies to the facts of the case at bar, is in the case of Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 87, 76 L.Ed. 233, 77

A.L.R. 904. That case is almost directly in line with the instant case. There a citizen of Oklahoma died as a result of injury alleged to have been caused through the negligence of the defendant company. The widow of the deceased was appointed administratrix and instituted suit for damages under a statute that gives the right to such an action and requires it be brought by an administrator. The cause was removed to the United States District Court and the Court refused to grant a motion to remand. The administratrix then dismissed the action and subsequently she brought a second suit joining some other parties; and later a third suit was similarly brought. Both of these were removed to the United States District Court. Motions to remand were refused and subsequently both the second and third suits were dismissed by the plaintiff. Thereupon, the widow resigned as administratrix and, at her request, the Court then appointed as administrator Mecom, a resident and citizen of Louisiana, of which state the defendant, Fitzsimmons Company was also a citizen. A new suit by Mecom filed in the State Court was removed to the United States Court, it being alleged that there was fraud and collusion in having the non-resident administrator appointed so as to prevent removal to the Federal Court. The District Court refused to remand. The Supreme Court of the United States reversed this holding and says:

"But it is clear that the motive or purpose that actuated any or all of these parties in procuring a lawful and valid appointment is immaterial upon the question of identity or diversity of citizenship. To go behind the decree of the probate court would be collaterally to attack it, not for lack of jurisdiction of the subject-matter or absence of jurisdictional facts, but to inquire into purposes and motives of the parties before that court when, confessedly, they practiced no fraud upon it. The case falls clearly within the authorities announcing the principle that in a removal proceeding the motive of a plaintiff in joining defendants is immaterial, provided there is in good faith a cause of action against those joined. While those cases involve a somewhat different situation—

that where a plaintiff joins defendants in order to avoid federal jurisdiction—they are in principle applicable to the present case, where it is claimed a plaintiff was procured for the same purpose. It has been uniformly held that, where there is a prima facie joint liability, averment and proof that resident and nonresident tort feasors are jointly sued for the purpose of preventing removal does not amount to an allegation that the joinder was fraudulent, and will not justify a removal from the state court. * * * The case comes to no more than this: There being, under Oklahoma law, a right to have a nonresident appointed administrator, the parties in interest lawfully applied to an Oklahoma court, and petitioner was appointed administrator, with the result that the cause of action for the wrongful death of the decedent vested in him. His citizenship being the same as that of one of the defendants there was no right of removal to the federal court; and it is immaterial that the motive for obtaining his appointment and qualification was that he might thus be clothed with a right to institute an action which could not be so removed on the ground of diversity of citizenship."

Of course, in the instant case, the motive in having a citizen of Virginia appointed administrator to bring suit against a Virginia corporation is apparent. There is little doubt but what it was done for the purpose of preventing a removal to the Federal Courts but the same thing is done many times by a plaintiff joining as defendents a resident individual with a · nonresident corporation. As is said in the Mecom case above cited and many other cases, the intent is not to be taken into account provided the steps taken by the plaintiff were legal and proper. For a discussion of a similar, though not identical issue, see a case recently decided in this jurisdiction, Ridgeland Box Mfg. Co. v. Sinclair Refining Co., D.C., 82 F.Supp. 274, 276. For additional authorities discussing and sustaining the foregoing views, see Harrison v. Love, 6 Cir., 81 F.2d 115, and Stewart v. Patton, D.C., 32 F.Supp. 675.

█ It appears upon the face of the record that the Probate Court appointed the

named administrator and the defendant Railroad Company cannot be heard to question the propriety of the appointment of such administrator where it has no standing to question the method of administration of the estate and its sole interest is the denial of its alleged liability for the negligent death under Lord Campbell's Act. The Supreme Court of South Carolina in a carefully considered and elaborate opinion held this to be the law of this state in the case of In re Mayo's Estate, 60 S.C. 401, 38 S.E. 634, 54 L.R.A. 660. This decision has more recently been confirmed and followed in Southern Railway Company v. Moore, 158 S.C. 446, 155 S.E. 740, 73 A.L.R. 582, and Ellenberg v. Arthur, 178 S.C. 490, 183 S.E. 306. See also Mecom v. Fitzsimmons Drilling Company, supra.

█ The attorneys for the defendant also call attention to the fact that while the statutes of South Carolina provide what action shall be taken by a Probate Court where an executor resigns that there appears to be no provision for the resignation of an administrator. But surely it cannot be maintained that once an administrator always an administrator; and where a duly constituted court of the state having jurisdiction of administration matters allows one administrator to retire and appoints another in his place, a third party, not interested in the distribution of the estate and having no rights regarding the appointment of an administrator, cannot raise such an issue. See the above cited authorities and particularly again the case of Mecom v. Fitzsimmons Company.

The plaintiff has cited and relies upon a very recent decision by the Court of Appeals for the 8th Circuit in Martineau v. City of St. Paul, 172 F.2d 777, where a non-resident guardian brought suit in the Federal Court and the Court of Appeals held this was improper. But under the applicable state law in the case, the Court held that the guardian could not have maintained the suit in his own name in the State Court and therefore could not so bring it in the Federal Court and that the suit should have been brought in the name of the minor by his general guardian. That clearly distinguishes the case from the Mecom case and it should be kept in mind that the instant case brought under the South Carolina statutes must be brought by or in the name of the administrator himself.

In the course of the argument, defendants' representatives frankly admitted that the Mecom case was very adverse to their contention but they pointed out that the doctrine there adopted, if carried to its logical conclusion, would practically bring about the result of opening the doors to the avoidance of the use of the removal statutes in all cases arising from alleged wrongful death. This may be and probably is the practical result, but that would seem to be a matter for Congressional rather than Court relief. The Congress of the United States has provided methods for removing certain cases from the State Courts to the Federal Courts, and if it sees fit, may modify or amend, change or abolish these provisions. The Mecom case was decided by the unanimous decision of the Supreme Court of the United States in 1931 and that decision has not been modified or changed by that Court subsequently. And although the Judicial Code has been revised and the method of removal from State to Federal Courts has been simplified and amended, the effect of the Mecom decision has not been set aside by statute. Counsel have called my attention to some cases which seem to sustain their view but none of them has any weight or authority in this jurisdiction and until such time as the Supreme Court or the Congress chooses to change the law, I am constrained to follow that which has been in effect for some eighteen years.

█ For these reasons, it is clear that this Court has no jurisdiction to retain the cause or enter upon the trial of the issues involved, and it must be remanded to the State Court from whence it came. Accordingly it is ordered, that this cause be and the same is hereby remanded to the Court of Common Pleas for the County Marlboro, South Carolina.