## MASON v. HELMS et al.
### Civ. No. 2728.

United States District Court
E. D. South Carolina, Florence Division.
April 27, 1951.

William C. Goldberg, N. Walser Edens, Bennettsville, S. C., for plaintiff.

Willcox, Hardee, Houck & Palmer, Florence, S. C., for defendants.

WARING, Chief Judge.

This is a case based upon a complaint alleging wrongful death under Lord Campbell's Act. (Code 1942, §§ 411, 412.) The Administrator is a resident of the State of North Carolina and so are the Defendants. The cause was removed here from the Court of Common Pleas for Marlboro County, South Carolina. There is a motion to remand.

Since the Plaintiff Administrator and the Defendants are residents of the same state, there is no diversity of citizenship. The facts of the case are quite similar to and appear to be governed by the case of Breeden v. Atlantic Coast Line R. R. Co., D.C., 86 F.Supp. 964.

However, counsel have urged another reason why this court should take jurisdiction of the instant case. It is claimed that under the statute authorizing this suit, the administrator is merely a nominal party and has no interest in the proceedings and that the doctrine of the citizenship of parties does not apply. This argument is based upon the fact that the sole duty of the Administrator is to bring this suit and that any proceeds recovered in an action such as this does not inure to the personal estate; and that the statute provides for distribution to certain named relatives and not even creditors have any claim against these pro-

ceeds. A number of cases have been cited to sustain this point of view and they appear to be in conflict with the leading case on the subject wherein the Supreme Court of the United States distinctly held that the citizenship and residence of the administrator governs the matter of jurisdiction. See Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233. If it be held that these cases are in conflict with the Mecom case, I prefer to follow the last named since it is the supreme authority and I feel that it is binding upon this court. However, even granting the validity of the cited cases, they can be readily differentiated. In the cases called to my attention in the statute in question allowing such a suit as this, it is optional whether it be brought in the name of the administrator or by other parties in interest. The South Carolina statute above referred to makes it *mandatory* that the suit be by or in the name of the administrator.

█ It is also suggested that the fact that the South Carolina statute (Code 1942, § 8952 et seq.), provides certain qualifications and provisions for the appointment of a non-resident administrator is tantamount to his being considered as a South Carolina administrator. But such an idea is completely negatived by the decision of the Supreme Court in Memphis Street R. Co. v. Moore, 243 U.S. 299, 37 S.Ct. 273, 61 L.Ed. 733.

█ A further argument has been made that the appointment of the non-resident administrator in this case is not in strict conformity with the statutes of the State of South Carolina and that such defects appear upon the face of the record of the probate court which named the administrator. But the Defendants in the instant cause cannot now be heard to question the propriety of such appointment. They have no standing to question the method of administration of the estate and their sole interest in the cause is the denial of their alleged liability for negligent death under Lord Campbell's Act. Such a contention was considered and passed upon adversely in the Breeden case, supra, wherein are cited numerous South Carolina cases sustaining this view of the law of the State.

It is, therefore, apparent that the cause must be remanded. Accordingly it is

Ordered, that this cause be and the same is hereby remanded to the Court of Common Pleas for the County of Marlboro, South Carolina.