Clifford ERWIN, Administrator of the Estate of Grace Snider Danford, deceased, Appellant,

v.

Gladys Snider BARROW, Appellee.

No. 4873.

United States Court of Appeals Tenth Circuit.

Nov. 12, 1954.

Charles Hill Johns, Oklahoma City, Okl. (Robert H. Warren and firm of Cargill & Cargill, Oklahoma City, Okl., on the brief), for appellant.

Charles C. Buhrman, Blackwell, Okl. (Roy W. Cox, Blackwell, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, MURRAH, Circuit Judge and RITTER, District Judge.

MURRAH, Circuit Judge.

The appellant, a resident of California, duly appointed administrator of the Estate of Grace Snider Danford in the County Court of Kay County, Oklahoma, brought this suit in the United States District Court for the Western District of Oklahoma, against the appellee, Barrow, a citizen of Oklahoma, to cancel and annul deeds to real property located in Kay and Garfield Counties, Oklahoma. Kay and Garfield Counties are embraced within the Western District of Oklahoma, and jurisdiction in the federal court rests upon diversity of citizenship and requisite amount in controversy.

■ It is well settled that the personal citizenship of an executor or administrator, rather than the decedent, controls in determining diversity of citizenship for purposes of federal jurisdiction. See Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233, 77 A.L.R. 904, with Annotations p. 910; 136 A.L.R. 938. The allegations in the complaint thus established the jurisdiction of the district court with authority under the Constitution and statutes of the United States to entertain the suit. See § 24 of the Judicial Code, 36 Stat. 1087, 1091, 28 U.S.C. § 1331. Commonwealth of Pennsylvania v. Williams, 294 U.S. 176, 180, 55 S.Ct. 380, 79 L.Ed. 841. The trial court sustained a motion to dismiss the complaint, however, and entered judgment for the appellee on the grounds that applicable and controlling state law, §§ 131 and 132, 12 O.S. required the action to be brought in one of the counties where the lands involved in the suit are situated. The principal contention on appeal is that the judgment of the court unduly abridges and impairs federal diversity jurisdiction.

■■ It seeeems to be the accepted view that diversity jurisdiction in the federal courts is generally concurrent with courts of general jurisdiction of the state wherein the federal court sits. For purposes of diversity jurisdiction, a federal court is "in effect, only another court of the State. * * *." Guaranty Trust Co. of N. Y. v. York, 326 U.S. 99, 108, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079; Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832; Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524. Federal courts exercising diversity jurisdiction will enforce any state substantive right agreeably to state law, provided only that such enforcement does not impair any right conferred or conflict with any inhibitions imposed by the Constitution and laws of the United States. Henrietta Mills v. Rutherford County, 281 U.S. 121, 50 S.Ct. 270, 74 L.Ed. 737; Mason v. United States, 260 U.S. 545, 575, 43 S.Ct. 200, 67 L.Ed. 396; Pusey & Jones Co. v. Hanssen, 261 U.S. 491, 43 S.Ct. 454, 67 L.Ed. 763; Guffey v. Smith, 237 U.S. 101, 35 S.Ct. 526, 59 L.Ed. 856; Mississippi Mills v. Cohn, 150 U.S. 202, 14 S.Ct. 75, 37 L.Ed. 1052; Penn General Casualty Co. v. Commonwealth of Pennsylvania, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850. But, the rule against impairment of federal jurisdiction by the incidence of state law does not preclude the state from closing the doors of federal diversity courts to suitors to whom it has closed its own doors. See Angel v. Bullington, supra; Woods v. Interstate Realty Co., supra. Nor does it preclude the state from committing a certain kind or class of litigation to courts of limited or specialized jurisdiction, as for example, the probate and distribution of estates. See Case of Broderick's Will, 21 Wall. 503, 22 L.Ed. 599; Sutton v. English, 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664; Porter v. Bennison, 10 Cir., 180 F.2d 523; Ferguson v. Patterson, 10 Cir., 191 F.2d 584; Rice v. Sayers, 10 Cir., 198 F.2d 724. Diversity jurisdiction does not of itself open the doors of the federal courts without regard to the incidence of state law.

■ And so, our question is not one of jurisdiction, but rather the capacity of a suitor to invoke that authority or jurisdiction. Thus, Rule 17, F.R.C.P., 28 U.S.C.A. pertinently provides that capacity to sue or be sued in a representa-

tive capacity in the federal courts is to be determined by the law of the state of the district. The Rule clearly presupposes federal jurisdiction, but relegates the capacity to maintain the suit within that jurisdiction to state law.

We then look to the law of the State to find that Section 252, 58 O.S. provides that actions of this kind and nature "may be maintained by and against executors and administrators in all cases and in the same courts in which the same might have been maintained by or against their respective testators and intestates." Appellee literally construes this statute to mean that the administrator can maintain the suit only in the same courts in which the decedent could have maintained it; and contends that inasmuch as the decedent could not have maintained the suit in the federal court for lack of diversity of citizenship, the administrator is likewise precluded from maintaining it.

■■ While the words "same courts" used in Section 252 are susceptible of the construction urged by the appellee, it misconceives the real purpose and intendment of the statute. Clearly, the statute was not intended to limit the right to bring a suit, instead we think it was intended to grant a privilege to maintain the suit in any court having jurisdiction of the subject matter and the parties. In that respect, the Oklahoma statute is not different in purpose and effect from the Tennessee statute before the Supreme Court in Memphis Street Ry. Co. v. Moore, 243 U.S. 299, 37 S.Ct. 273, 61 L.Ed. 733, which provided that for the purpose of suing and being sued, a nonresident executor or administrator should be treated as a citizen of the state of Tennessee. The Supreme Court could find nothing in the statute indicating an intention on the part of the Tennessee Legislature to exclude nonresident executors and administrators from the federal court, requisite requirements being present. When construed in conformity with the rule on concurrent jurisdiction of federal diversity courts with state courts of general jurisdiction, we think the statute was intended to grant executors and administrators access to any court of competent jurisdiction of the subject matter of the action and of the parties, including federal courts exercising diversity jurisdiction. In this view of the statute, we do not reach the question whether Oklahoma could, consistently with federal law, exclude the appellant from the federal court with diversity jurisdiction concurrent with its courts of general jurisdiction, for we are convinced that Oklahoma has not assayed to do so.

■■ Aside from Section 252, supra, the trial court apparently took the view that Sections 131 and 132, 12 O.S. relating to venue of actions, precluded the maintenance of the suit in federal court. Section 131 provides in substance that actions for the recovery of real estate or any estate or interest therein, or to remove a cloud or set aside a conveyance of real estate "must be brought in the county in which the subject of the action is situated" except as provided in the following Section 132, which provides in substance that where, as here, an entire tract of land is situated in two or more counties, an action of this kind may be brought in either county in which any tract or part thereof is situated. These statutes relate to venue and not to jurisdiction. They are concerned with the place of the maintenance of the suit, not the jurisdiction of the court to entertain it. See Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 167, 60 S.Ct. 153, 84 L.Ed. 167. This suit for the recovery of real property being local and not transitory, is undoubtedly governed by this statute, and we readily agree that literally construed, the suit must be brought in one of the counties where the land is located. But, having in mind the real purpose of the statute, and also remembering that a federal court exercising federal diversity jurisdiction is merely another court of the state where it sits; and since the counties where the land is located are embraced within the

Western District of Oklahoma, we think the venue requirements were met and that the court should have entertained the suit.

The case is reversed with directions to proceed accordingly.