The **ATCHISON, TOPEKA and SANTA FE RAILWAY COMPANY, Petitioner,**
v.
**DISTRICT COURT OF CREEK COUNTY,** Oklahoma, and Honorable Kenneth Hughes, the Judge thereof, Respondents.
No. 37180.

Supreme Court of Oklahoma.
April 3, 1956.

Rehearing Denied May 22, 1956.

Rainey, Flynn, Green & Anderson, Oklahoma City, and Charles E. Daniel, Drumright, for petitioner.

Pat Malloy, Tulsa, and Charles Alan Wright, Austin, Tex., of counsel, for respondents.

WILLIAMS, Vice Chief Justice.

This is an original proceeding in this court by The Atchison, Topeka and Santa Fe Railway Company, as petitioner, to prohibit the District Court of Creek County, Oklahoma, and Kenneth Hughes, as Judge of said court, from proceeding in the case of Moore, administrator, v. Atchison, Topeka and Santa Fe Railway Company, No. 29933 in said court on the ground that said court is an inappropriate and inconvenient forum for the trial of the case.

On July 5, 1955, Vernon F. Adair was killed in a train wreck which occurred near Cardinnias, New Mexico. At the time of his death, Adair was a resident of Clovis, New Mexico, and was survived by his wife and seven minor children, all of whom live in Clovis, New Mexico. On July 18, 1955, just thirteen days later, Mr. Joe Moore, an attorney in Creek County, Oklahoma, was appointed administrator of the estate of Vernon F. Adair, deceased, by the County Court of Creek County, Oklahoma. On the same day the above mentioned action was instituted by Mr. Moore as such administrator in the District Court of Creek County, Oklahoma. The attorneys of record for the plaintiff in that case, in addition to Mr. Moore himself, were Mr. William H. De Parcq, of Minneapolis, Minnesota, and Mr. Pat Malloy, of Tulsa, Oklahoma. In addition, Mr. Charles Allan Wright of Austin, Texas, has apparently become subsequently associated as counsel for plaintiff.

After the filing of the action in district court, defendant railway company filed its motion to dismiss the action upon the principle of forum non conveniens. The district court overruled such motion and this proceeding was thereafter instituted.

The action which petitioner seeks to have dismissed is a wrongful death action brought by the plaintiff administrator for the benefit of the surviving widow and children of the deceased, Vernon F. Adair, under the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. With the possible exception of the factor of the plaintiff administrator's residence within this state, the case is a prime example of the type of case to which the doctrine of forum non conveniens should be applied. The decedent was a resident of the State of New Mexico. The wreck in which he lost his life occurred in the State of New Mexico. The surviving widow and children for whose benefit the action is brought reside in New Mexico. Every known witness to possibly be called upon to testify in the case resides in New Mexico. The defendant railway company is a Kansas Corporation, but has lines in New Mexico and is amenable to service of process in both state and federal courts in that state. The cost of defending the action in Oklahoma would exceed the cost of defending the same in New Mexico by an estimated $5,000. The circumstances of the case would seem to be even more compelling toward the application of the doctrine of forum non conveniens than were those involved in the case of Murphey v. St. Louis-San Francisco Railway Company which this court ordered dismissed in St. Louis-San Francisco Ry. Co. v. Superior Court, Creek County, Okl., 290 P.2d 118.

The plaintiff in the action is unable to suggest any valid reason why the action should be tried in this jurisdiction, but insists that he, as the administrator, is the real party in interest and is a resident of this state and therefore has an absolute right to bring the action in this jurisdiction and that the same cannot be dismissed. We do not agree.

Plaintiff cites as his authority for such contention the line of cases announcing the rule followed by the federal courts in determining diversity of citizenship for the purpose of ascertaining the jurisdiction of such courts, such as Mecom v. Fitz-

simmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233, and Memphis St. R. Co. v. Moore, 243 U.S. 299, 37 S.Ct. 273, 61 L.Ed. 733. Such cases deal solely with a strict determination of jurisdiction of the court and have nothing to do with the determination of the appropriateness of the forum selected. We are not here concerned with a question of jurisdiction or venue. It is conceded that both jurisdiction and venue exist. The question of forum non conveniens does not even arise unless the court has jurisdiction and venue. For a complete discussion of this point see St. Louis-San Francisco Ry. Co. v. Superior Court, Creek County, Okl., 276 P.2d 773. For a discussion and review of the authorities dealing with the question of determining the real party in interest for purposes other than a strict determination of jurisdiction based on diversity of citizenship see Fenton v. Sinclair Refining Co., Okl., 283 P.2d 799, wherein we held that the widow and children of the deceased whose death gave rise to the cause of action were the real parties in interest rather than the non-resident administrator of decedent's estate, for the purpose of determining the applicable statute of limitations.

The reported case most nearly analogous to the case here in question that we have been able to discover is that of Giles v. Western Air Lines, Inc., D.C., 73 F.Supp. 616, 617. In that case the decedent had been a resident of California and was killed in an airplane accident which occurred in California. The surviving widow was a resident of California, as were all the witnesses. The defendant corporation was a citizen of Delaware with its main office in California, but had an agent upon whom service of process could be had in the state of Minnesota. A resident of Minnesota was appointed administratrix of decedent's estate by a probate court in Minnesota. Such administratrix then brought the action in a United States District Court in Minnesota. Jurisdiction of the court existed on the basis of diversity of citizenship. The court dismissed the action on the grounds of forum non conveniens, and in doing so said in its opinion:

"Plaintiff is unable to suggest any reason why the action should be tried in this jurisdiction, except that the plaintiff administratrix, an employee of the attorney who commenced the action, resides here. Obviously, the administratrix has no interest in the outcome of this lawsuit. Her appointment as special administratrix by the Probate Court of this county is admitted. She merely enters the case as a means whereby her employer, the attorney for the heirs and beneficiaries, could, for his own convenience, institute the action in this jurisdiction. She is merely the nominal plaintiff. Her residence in this District should have no weight on the scale which the Court must examine as to the equities which are presented on this motion and upon which it must exercise its discretion. At the most, it would seem that her residence is a factor of relatively little consequence. Every other factor, circumstance, and convenience is to be found in support of the application of the doctrine. No prejudice is made to appear if the heirs and beneficiaries of the deceased are required to try their lawsuit in the forum where the accident happened, where they reside, and where all the witnesses reside. * * *

"Weighing all the factors which should guide the Court's discretion, it seems clear that the showing made herein impels the view that this is one of the 'rare cases' in which the doctrine should be applied. There is a complete absence of any satisfactory showing which substantiates the contention that the interest of the heirs at law and beneficiaries of the decedent justifies this Court in retaining this case in the Federal Court of this State, some two thousand miles from where the accident happened, where all of the interested parties reside, and where all of the witnesses reside. If the doctrine of forum non conveniens is ever applicable in Federal Court, and the case of Gulf Oil Corporation

v. Gilbert [330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055] now makes it clear that, under the Federal rule, it is applicable, it must be recognized that the showing herein justifies, if not requires, the dismissal of plaintiff's complaint and the remitting of the heirs and beneficiaries to courts of their own State. It would be an abuse of discretion to hold otherwise."

The principal difference between the cited case and the one here involved is that in that case the administratrix was an employee of one of the attorneys in the case, whereas here the administrator is himself one of the attorneys in the case. We fail to see how such difference could possibly have any material effect upon the outcome, however.

It should be apparent from a reading of the previous opinions of this and other courts that the principal purpose of the adoption of the doctrine of forum non conveniens was to attempt to stop the wholesale indiscriminate importation of foreign causes of action into this jurisdiction. If this court were to hold that the application of the doctrine could be avoided in death cases by the simple expedient of procuring the appointment of a resident administrator to bring the action, we would in effect be opening wide the doors of the courts of this state and extending an invitation to prospective litigants everywhere to bring their litigation here without fear of dismissal, and the doctrine of forum non conveniens would thereby be rendered completely ineffective. This we decline to do.

Other contentions are advanced by respondent and plaintiff below which we find it unnecessary to consider here since they have all been passed upon in our previous opinions in St. Louis-San Francisco Ry. Co. v. Superior Court, Creek County, Okl., 276 P.2d 773 and 290 P.2d 118, and Missouri, Kansas-Texas R. Co. v. District Court of Creek County, Okl., 294 P.2d 579.

It is alleged by petitioner, and not denied, that after petitioner's motion to dismiss was filed in the case in district court, plaintiff filed the same case, styled Joe Moore, Administrator of the Estate of Vernon F. Adair, deceased, v. Atchison, Topeka and Santa Fe Railway Company, No. 55C17199, in the Circuit Court of Cook County, Illinois. It therefore appears that the same case is now pending in both Creek County, Oklahoma, and Cook County, Illinois, involving a cause of action which arose in New Mexico, the witnesses and interested parties to which reside in New Mexico. It would seem that the term "transitory cause of action" is even more appropriate than usual when applied to this case. We hold that the case filed in the District Court of Creek County should be dismissed on the grounds of forum non conveniens and that the failure of respondent to dismiss the same under the facts and circumstances of this case constituted an abuse of discretion.

The application of writ of mandamus directing respondent to dismiss case No. 29933 therein, entitled Joe Moore, administrator, v. Atchison, Topeka & Santa Fe Railway Company, is hereby granted.

JOHNSON, C. J., and HALLEY, JACKSON and HUNT, JJ., concur.

BLACKBIRD, J., dissents.