DEPOSIT GUARANTY BANK & TRUST COMPANY, Administrator of the Estate of Norman Lee Miller, Deceased, Plaintiff-Appellee,

v.

James Robert BURTON and David Milton Burton, Defendants-Appellants.

No. 16957.

United States Court of Appeals Sixth Circuit.

June 13, 1967.

Fred H. Cagle, Jr., Knoxville, Tenn., and R. Hunter Cagle, Knoxville, Tenn., Ben F. McAuley, Knoxville, Tenn., on brief; Poore, Cox, Baker & McAuley, Frantz, McConnell & Seymour, Knoxville, Tenn., of counsel for appellants.

William D. Vines, III, Knoxville, Tenn., William E. Fitzgerald, Ollie F. Cobb, Knoxville, Tenn., on brief for appellee.

Before WEICK, Chief Judge, and PHILLIPS and PECK, Circuit Judges.

PHILLIPS, Circuit Judge.

This is a Tennessee diversity case, involving an action for wrongful death brought by the administrator of the estate of the decedent. The jury returned a verdict of $50,000 in compensatory damages against appellants, and further found punitive damages of $50,-000 against another defendant, Robert O. Ash, who has not appealed.

Two principal questions are presented on this appeal: (1) Is there diversity of citizenship between the parties so as to support the jurisdiction of the district court; and, (2) if so, was there sufficient material evidence to warrant the sub-

mission of the case to the jury as to appellants, James Robert Burton and David Milton Burton. Underlying these questions is the propriety of the action of the district judge in overruling appellants' motions for a directed verdict and for judgment non obstante veredicto?[1]

The decedent, Norman Lee Miller, was a student at Middle Tennessee State University at Murfreesboro, Tennessee. He and several other students had made a trip to Cookeville, Tennessee, to attend a basketball game, but were not successful in obtaining tickets. While returning to their college, decedent and the other students stopped near Lebanon, Tennessee, to assist another motorist who was stranded on the shoulder of the highway with a flat tire.

Defendants had been drinking beer at several different establishments throughout the afternoon and evening of the accident and were on their way to another tavern when the accident occurred. Defendant Robert O. Ash was driving a 1952 Buick in which appellant James R. Burton was a passenger. Appellant David M. Burton, James Burton's brother, was driving a second car which was owned by James. One or both of these cars struck and killed the decedent. Three other persons at the scene of the accident were injured, and one of decedent's fellow students died of his injuries a few days later. This case involves only the death of the decedent Miller.

### 1) The Issue of Diversity of Citizenship

The complaint alleges, among other things, that plaintiff-appellee is a Mississippi Corporation with its principal place of business in Jackson, Mississippi; that it was appointed administrator of deceased's estate under T.C.A. § 35–610; and that all the defendants were citizens and residents of Tennessee.

The principal contention of appellants is that there is no diversity of citizenship since the appellee administrator, a Mississippi corporation, is not the real party in interest in a wrongful death action under Tennessee law. The gist of this contention is that the administrator is only a special statutory trustee and that the court should look to the citizenship of the real party or parties in interest in order to determine diversity, i.e., the citizenship of the Tennessee beneficiaries for whose benefit this action is brought. It is urged that both the beneficiaries and defendants are residents of Tennessee; and that there is no diversity of citizenship and therefore the court has no jurisdiction.

Although we find it necessary to reverse and remand on another ground, we proceed now to dispose of the issue of diversity of citizenship, for the assistance of the district judge in event of a new trial.

In support of this contention that there is no diversity of citizenship appellants cite numerous Tennessee Supreme Court decisions, which in essence hold that the administrator in a wrongful death action is not the real party in interest.[2]

The controlling question to be determined on this appeal, however, is whether under the laws of Tennessee the appellee administrator can sue in its own name to recover damages for the wrongful death of the decedent, and whether this is affected by the citizenship of the decedent or the beneficiaries. Mexican Central Railway Co. v. Eckman, 187 U.S. 429, 23 S.Ct. 211, 47 L.Ed. 245.

In New Orleans v. Gaines Administrator, 138 U.S. 595, 606, 11 S.Ct. 428, 431, 34 L.Ed. 1102, the Supreme Court said:

"[W]e have repeatedly held that representatives may stand upon their own

---

1. The district court granted the motion for judgment non obstante veredicto in favor of another defendant, Marvin Dickerson.

2. Memphis Street Ry. Co. v. Cooper, 203 Tenn. 425, 313 S.W.2d 444; Cummins v. Woody, 177 Tenn. 636, 152 S.W.2d 246; Whitson v. Tennessee Central Ry. Co., 163 Tenn. 35, 40 S.W.2d 396.

citizenship in the federal courts irrespectively of the citizenship of the persons whom they represent,—such as executors, administrators, guardians, trustees, receivers, etc. The evil which the law was intended to obviate was the voluntary creation of federal jurisdiction by simulated assignments. But assignments by operation of law, creating legal representatives, are not within the mischief or reason of the law."

In Mexican Central Railway Co. v. Eckman, supra, the Supreme Court said:

"If in the state of the forum the general guardian has the right to bring suit in his own name as such guardian, and does so, he is to be treated as the party plaintiff so far as Federal jurisdiction is concerned. * * *" 187 U.S. at 434, 23 S.Ct. at 213.

In Chambers v. Anderson, 58 F.2d 151, 152 (C.A.6), this court said that "for the purpose of jurisdiction, the administratrix is the party in interest." Further in Memphis Street Ry. Co. v. Bobo, 232 F. 708, 710 (C.A.6), aff'd. 243 U.S. 299, 37 S.Ct. 273, 61 L.Ed. 733, we said:

"It is settled that the jurisdiction of the federal courts depends upon the personal citizenship of the parties to the record, and not upon the citizenship of the parties whom they represent." [3]

■ The administrator of the estate of decedent is authorized by Tennessee law to prosecute a suit for wrongful death in his own name. T.C.A. §§ 20–607—20–609. In this situation the citizenship of the administrator is controlling, since the personal representative is deemed to be the real party in interest. Rule 17(a) F.R.Civ.P.[4] See Mecom v. Fitzsimmons Drilling Co., Inc., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233; Lang v. Elm City Construction Co., 324 F.2d 235 (C.A.2); Corabi v. Auto Racing, Inc., 264 F.2d 784, 75 A.L.R.2d 711 (C.A.3); Jaffe v. Philadelphia & W. Ry. Co., 180 F.2d 1010 (C.A.3); Grady v. Irvine, 254 F.2d 224 (C.A.4), cert. denied, 358 U.S. 819, 79 S.Ct. 30, 3 L.Ed.2d 60; Nunn v. Feltinton, 294 F.2d 450 (C.A.5), cert. denied, 369 U.S. 817, 82 S.Ct. 829, 7 L.Ed.2d 784, rehearing denied, 369 U.S. 857, 82 S.Ct. 932, 8 L.Ed.2d 16; Harrison v. Love, 81 F.2d 115 (C.A.6); Stewart v. Patton, 32 F.Supp. 675, 677 (W.D.Tenn.); County of Todd v. Loegering, 297 F.2d 470 (C.A. 8); Minnehaha County, S. D. v. Kelley, 150 F.2d 356 (C.A.8); Boeing Airplane Co. v. Perry, 322 F.2d 589 (C.A.10), cert. denied, 375 U.S. 984, 84 S.Ct. 516, 11 L.Ed.2d 472; Erwin v. Barrow, 217 F.2d 522 (C.A.10).

A subsidiary contention of appellants on the issue of diversity is that the plaintiff-appellee failed to prove that it was a foreign corporation with a principal place of business other than Tennessee.

Plaintiff alleged in its complaint that it had been appointed administrator of the decedent's estate pursuant to T.C.A. § 35–610. This was not denied and therefore stands admitted. Subsequently at trial plaintiff offered its letters of administration which were admitted into evidence. The district judge held that there was no question about the administrator being "legally appointed." For the plaintiff, a Mississippi bank, to be appointed as administrator under T.C.A. § 35–610, plaintiff was required to be organized under the laws of a State other than Tennessee with its

---

**3.** Both of the cases cited and quoted in this paragraph are Tennessee diversity cases.

**4.** In dealing with Rule 17(a) F.R.Civ.P. in diversity cases two principles are involved: (1) the citizenship of the real party in interest is looked to and (2) the Federal Rules do not extend or limit federal jurisdiction. 3 Moore Federal Practice, § 17.03 (2d ed.) at p. 1311. Thus since plaintiff-appellee could properly maintain this suit in the appropriate state court in Tennessee, it also could maintain this suit in a federal district court in Tennessee.

principal place of business outside of Tennessee.[5]

The answer of defendant contains a general denial of diversity of citizenship but this denial, when read in its context, appears to be directed to the proposition that the administrator is not the real party in interest, an issue which we have discussed and disposed of above.

The pretrial order makes no issue as to the fact that the plaintiff is a Mississippi bank and that its principal place of business is other than Tennessee. We find no provision in the banking laws of Tennessee, T.C.A. Title 45, which would permit a bank chartered in another State to do a general banking business in Tennessee or to maintain its principal place of business in Tennessee. In order to be eligible to qualify under T.C.A. § 35–610, plaintiff-appellee of necessity must have been chartered in another State and must have had its principal place of business elsewhere than in Tennessee.

However, we do not find one scintilla of proof in the record to show that plaintiff in fact is a Mississippi corporation or that its principal place of business is elsewhere than Tennessee, which must be established as a prerequisite to maintaining an action based upon diversity of citizenship. 28 U.S.C. § 1332; Gibbs v. Buck, 307 U.S. 66, 72, 59 S.Ct. 725, 83 L.Ed. 1111; KVOS, Inc. v. Associated Press, 299 U.S. 269, 277, 278, 57 S.Ct. 197, 81 L.Ed. 183; McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135.

Since the decision of the district court must be reversed and the case remanded for a new trial upon another ground hereinafter discussed, we do not pass upon the issue as to whether the appeal would have to be reversed for failure of plaintiffs to present affirmative proof of diversity. If in fact appellant is a Mississippi corporation with its principal place of business elsewhere than Tennessee, plaintiffs will have another opportunity to offer proof to this effect on the new trial.

We hold that if plaintiff is a Mississippi corporation with its principal place of business elsewhere than Tennessee, then in its capacity as administrator it is the real party in interest in a wrongful death action under Tennessee law for purposes of determining diversity of citizenship and can maintain this action as a non-resident against Tennessee defendants.

### 2) The Sufficiency of the Evidence

The other contention of appellants is that there was no material evidence presented which warranted the submission of the case to the jury as to the liability of appellants, James R. Burton and David M. Burton.

It is undisputed that the first automobile, driven by Ash, struck the decedent. Brain tissue and pieces of skull were found on the front seat of the Ash car. If the Ash car struck decedent while it was traveling from 45 to 55 miles an hour, as related by appellants' witnesses, or 70 to 80 miles an hour, as claimed by some of appellee's witnesses, this impact assuredly would be sufficient to have killed him.

We find no evidence in the record that decedent was struck and killed by the Burton car, or any evidence from which such a result could have been inferred by the jury.

Appellee relies strongly upon the fact that there was a dent in the hood and grille of the Burton car. James R. Burton testified that this damage occurred on the day preceding the accident when the car slipped from a snow-covered road. This statement was corroborated

---

5. T.C.A. § 35–610 contains a reciprocity provision permitting a bank or trust company organized and doing business under the laws of another State to qualify and serve in Tennessee as administrator or in other designated fiduciary capacities.

This authorization is limited to the extent that such other State grants authority for a Tennessee bank or trust company to serve in a like fiduciary capacity in that State.

by the father of the Burton brothers. Two state troopers testified on the day following the accident that they found no evidence that the dent in the hood and grille of the Burton car had resulted from contact with a human body. In the face of this evidence, the jury was not justified in drawing an inference that the body of the decedent caused the dent.

The record shows that the jury had considerable difficulty in arriving at a verdict. It first returned verdicts against all four defendants for punitive damages but with compensatory damages against Ash only. When the district judge told the jury that such a verdict would be improper, the jury deliberated further and returned a verdict of $50,000 in compensatory damages against Ash and $5,000 compensatory damages against James Robert Burton. The district judge told the jury that this verdict would be improper, and deliberations were resumed. After further consideration, the jury returned its verdict of $50,000 in compensatory damages against all four defendants and $50,000 additional in punitive damages against Ash. As heretofore stated, the district judge granted a motion for judgment non obstante veredicto in favor of defendant Marvin Dickerson, who was a passenger in the second (Burton) automobile.

The fact that the jury returned a verdict of $50,000 in compensatory damages against the passenger, Marvin Dickerson, jointly with the three other defendants, strongly indicates that the verdict against Dickerson and as well as against the Burton brothers was based upon plaintiff's theory of joint enterprise or conspiracy.

We heretofore have held that there was insufficient evidence for the jury to have found that the Burton car struck and killed the decedent. We likewise find no evidence to support a theory of joint enterprise or conspiracy. There was abundant evidence that all of the defendants had been drinking during the afternoon and evening of the accident. There also was evidence that both the Ash and Burton cars were being driven too fast and in excess of the Tennessee speed limit. The fact that the defendants had been drinking too much and were driving too fast is no evidence of a conspiracy or joint venture to injure and kill the decedent, with whom they were not acquainted and had never seen before the accident. The driver of the second car, David Milton Burton, was not engaged in a joint enterprise with Ash, the driver of the first car. Neither had control nor the right to control the car driven by the other. Nor were Ash and his passenger, James Robert Burton, engaged in a joint enterprise.

In our opinion there was sufficient evidence to hold James Robert Burton liable for the negligence of his brother, David Milton Burton, if the death of the decedent resulted therefrom, on the ground of entrustment of the operation of this automobile by the owner to an intoxicated person. However, we find insufficient evidence from which the jury could have concluded that the decedent was struck and killed by the Burton car.

This is a case in which a young college student was killed while attempting to do a Good Samaritan act for a stranded motorist. It is understandable that the sympathies of the jury would be strongly against appellants. The liability of Ash was unquestioned. We find insufficient evidence, however, to support the judgment against the Burton brothers, appellants herein.

Reversed and remanded for a new trial.