## WEAVER v. ATLAS OIL CO. et al.

District Court, W. D. Louisiana, Shreveport Division. January 2, 1929.

No. 1736.

L. O. Pecot, of Franklin, La., Long, Fields & O'Neal, of Shreveport, La., and J. Sully Martel, of Franklin, La., for plaintiff.

Wilkinson, Lewis & Wilkinson, J. S. Atkinson, and F. E. Greer, all of Shreveport, La., for defendants.

DAWKINS, J. This action was brought by plaintiff alleging herself to be a "resident" of the state of North Carolina, against the defendants, Atlas Oil Company, a corporation under the laws of Illinois, as lessee under a contract for the production of oil, gas, and other minerals from lands within this district of the State of Louisiana, and against the Palmer Corporation, a citizen of the state of Delaware, and the Gulf Refining Company of Louisiana, a citizen of this state, for damages alleged to have arisen from the breach of express and implied covenants of the lease for its development, and for the annulment of the contract based upon the same grounds.

Defendants have excepted and moved to dismiss, for the reason it is contended the court is without jurisdiction; the Atlas Oil Company and the Palmer Corporation taking the position that the suit is in its nature a personal action, and the Gulf Refining Company claiming, in addition to said contention, that the other two defendants are necessary parties to the action to annul, and, since the court has no personal jurisdiction as to them, the suit cannot be maintained as to it.

I think it clear that, in so far as the action in damages is concerned, the court has no power to determine the issue as between plaintiff, who is presumably a citizen of North Carolina (although the allegation is merely that she is a "resident" of that state), and the nonresident defendants. As to the Gulf Refining Company, the facts alleged would tend to establish that the obligation, if any, is solidary, and one does not have to sue jointly all of those against whom such a right exists, but may proceed against one alone for the full amount.

As to the action to annul the lease, it would seem to me that the courts of this state, either state or federal, are the only ones that could possibly have complete jurisdiction. If this action were brought against either of the other two defendants in their respective states, the same contention could be made, and it is evident that the plaintiff would be deprived of her right to sue altogether. As pointed out by counsel for the defendant, inasmuch as plaintiff seeks to have erased from the record all claims or interest which the respective defendants have in and to the minerals, the right to which necessarily grows out of the original contract with the Atlas Oil Company, they will all be vitally affected thereby and are indispensable parties. While it is true that the rights conveyed by the lease do not give, under the Louisiana law, an interest in the fee, still it does impose a real obligation upon the land, which entitles the lessee to exclusive dominion for the purpose of producing those minerals which, when reduced to possession, belong to him and the landowner jointly in the proportion provided in the contract. I do not think such a contract can be classed with an ordinary lease, but that it has a peculiar status under the state law, the effect of which, so long as it remains upon the record, is to constitute a cloud upon the title or right to use or dispose of the property. Therefore such a proceeding as this is within the meaning of the statute of Congress recognizing the right to bring actions of a local nature within the jurisdiction where the subject-matter exists, but binding only as to the property involved.

Counsel for plaintiff have cited the Louisiana statutes permitting foreign corporations to do business within the state and providing for the service of process upon them. However, these can have no application in this case, since the Constitution and the acts of Congress are controlling, and any exception to the general rule that one must be sued at his domicile must be found in the federal law. In actions for a moneyed judgment, the statute requires that either the plaintiff or defendant must be a resident of the jurisdiction in which the suit is brought. Neither is true in this instance.

My conclusion is that the exceptions should be sustained to the extent of dismissing the action for damages as against the Atlas Oil Company and the Palmer Corporation, but overruled as to the prayer for annulment of the lease as to all, as well as the claim for damages against the Gulf Refining Company. The two actions are entirely severable, and I see no reason why each of the other two defendants might not be sued in their own forums upon the claim for damages.