**SURCLO MFG. CO., Inc., v. DUNLAP.**

**Civ. A. No. 7010.**

District Court, E. D. Pennsylvania.

March 9, 1948.

Robert C. L. Price and Henry Arronson, both of Philadelphia, Pa., for plaintiff.

John J. Gain, of Philadelphia, Pa., for defendant.

BARD, District Judge.

The plaintiff has filed a motion to determine the validity of the first defense set up in defendant's answer to the complaint.

This is an action on a contract for the sale of merchandise brought by the plaintiff, a Maryland corporation, against the defendant, Frank Dunlap, who is alleged in the complaint to be a citizen and resident of the Commonwealth of Pennsylvania. Jurisdiction is founded upon diversity of citizenship.

The defendant in his answer sets up as his first defense the allegation that he is a citizen and resident of the State of New Jersey, and not of Pennsylvania, and the defendant therefore contends that venue of this action is improperly laid in the Eastern District of Pennsylvania.

The defendant relies upon Section 51 of the Judicial Code, 28 U.S.C.A. § 112, which provides that "* * * where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

Before the present motion came on for argument, the plaintiff took the deposition of the defendant, Frank Dunlap, on the question of the latter's residence. The deposition developed the following facts:

The defendant is engaged in a mercantile business and has a place of business at 15 South 5th Street, Philadelphia, and at 34 South Strawberry Street, in the City of Philadelphia. Pursuant to the Pennsylvania Fictitious Names Act,[1] the defendant registered the name "Duntex Manufacturing Co." in the Court of Common Pleas No. 5 of Philadelphia County, as of March Term 1925, No. 539. At the time the de-

[1] June 28, 1917, P.L. 645, § 1, 54 Purdon's Stat. § 21.

fendant registered he resided at 1103 69th Avenue, Oak Lane, Philadelphia, Pennsylvania. Subsequent to the date of registration he removed to Atlantic City, New Jersey, and has resided there from September, 1944 up until the present date. During this entire period of time he has conducted his business operations in the City of Philadelphia under the name of "Duntex Manufacturing Co."

The plaintiff contends that although the defendant resides in the State of New Jersey, venue is nevertheless properly laid in the Eastern District of Pennsylvania because the defendant has waived the privilege of objecting to venue in this district. The plaintiff's contention is based fundamentally upon the fact that the defendant has conducted, and still is conducting, his business within this district, and that the defendant has complied with the requirement of the Pennsylvania Fictitious Names Act.

The Pennsylvania Fictitious Names Act forbids the carrying on of any business in this Commonwealth under any assumed or fictitious name, style, or designation, unless the person conducting the business shall first file a certificate, under oath, setting forth the real name or names and addresses of all persons owning or interested in the business, and also the name, style, or designation under which the business is being or will be carried on. The Act also further provides that where any of the owners of the business live outside of the Commonwealth of Pennsylvania, and carry on or conduct any such business through an agent, such certificate shall also show the name and address of the agent.

Under these circumstances, I think that the basic problem presented by the instant case is whether the defendant has lost the privilege of objecting to venue in this district under the doctrine of Neirbo Co. v. Bethlehem Shipbuilding Corporation, Ltd., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437. In the Neirbo case, at 308 U.S. 175, 60 S.Ct. 158, the Supreme Court recognized that " 'state legislation and consent of parties may bring about a state of facts which will authorize the courts of the United States to take cognizance of a case.' "

It should be noted at the outset that an individual as well as a corporation may consent to be sued in a district other than that of his residence. Krueger v. Hider, D.C., 48 F.Supp. 708; Steele v. Dennis, D.C., 62 F.Supp. 73; O'Donnell v. Slade, D.C., 5 F.Supp. 265. All of these cases involved the application of state statutes providing for service of process upon non-resident motorists.

I think that the defendant's compliance with the Pennsylvania Fictitious Names Act amounted to either a waiver of his privilege of objecting to being sued in this district or a consent to be sued in this district. As the Supreme Court said in the Neirbo case at 308 U.S. 168, 60 S. Ct. 154, 84 L.Ed. 167, 128 A.L.R. 1437, the choice of the proper expression is merely a matter of "literary preference".

The Supreme Court of Pennsylvania has construed the Pennsylvania Fictitious Names Act as an imposition of fair and reasonable conditions of admission to this Commonwealth of non-resident individuals who wish to do business here under an assumed or fictitious name. Stoner v. Higginson, 316 Pa. 481, 175 A. 527. As the Court said at 316 Pa. 491, 175 A. 531, "they [the non-residents] were doing business in this Commonwealth 'in a lawful manner' only when they complied with the Fictitious Names Act of 1917 by designating an agent and by here submitting through this agent to the service of judicial process as the laws of this commonwealth prescribe."

Rule 2079 of the Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix, provides, among other things, for personal service upon a non-resident individual engaged in business in this Commonwealth in the county in which he is engaged in business. In the instant case, the defendant, Frank Dunlap, was served personally by the United States Deputy Marshal in Philadelphia County where Dunlap conducts his business.

I think that the facts of the instant case and the applicable Pennsylvania statutes previously referred to bring this case within the doctrine of the Neirbo decision. If the Court were to consider the defendant's contention of improper venue in the light

of the purpose of the Federal Venue Statute alone, the defendant's contention would carry little weight. As the Supreme Court said in General Investment Co. v. Lake Shore & M. S. Railway Co., 260 U.S. 261, 275, 43 S.Ct. 106, 113, 67 L.Ed. 244, the policy behind Section 51 of the Judicial Code is "to save defendants from inconveniences to which they might be subjected if they could be compelled to answer in any district, or wherever found." When one considers that the defendant in the instant case is personally transacting substantially all of his business in this district, the degree of inconvenience to which he would be subjected in defending, in this district, a lawsuit arising out of the conduct of that business would seem to be so slight as not to warrant serious consideration.

An order may be entered striking the defense asserted in the first paragraph of the defendant's answer to the complaint.