KAISER STEEL CORPORATION, a Nevada corporation, Plaintiff,

v.

R. H. FULTON, d/b/a R. H. Fulton, Contractor, United States Fidelity & Guaranty Company, a Delaware corporation, and the City of Colorado Springs, a municipal corporation of the State of Colorado, Defendants.

Civ. A. No. 66–C–509.

United States District Court
D. Colorado.

Dec. 21, 1966.

Grant, Shafroth, Toll & McHendrie, Denver, Colo., for plaintiff.

Holland & Hart, Denver, Colo., for defendants R. H. Fulton and United States Fidelity & Guaranty Company.

F. T. Henry and Horn, Anderson & Johnson, Colorado Springs, Colo., for defendant City of Colorado Springs.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

This case is before us on the motions of defendants to dismiss. Fulton maintains that there is a lack of venue. Colorado Springs contends that the complaint is insufficient against it.

This is a civil action based solely on diversity of citizenship, to recover on a contract to sell and deliver certain water pipe and appurtenances thereto. Plaintiff Kaiser Steel Corporation and defendant United States Fidelity and Guaranty Company are Nevada and Delaware corporations, respectively. Both are qualified and are doing business in Colorado. Defendant R. H. Fulton is a citizen of Texas, doing business as "R. H. Fulton, Contractor," who is licensed to do business as an unincorporated general contractor in Colorado. Defendant The City of Colorado Springs, is a municipal corporation of the State of Colorado. Personal jurisdiction has been obtained over all defendants.

The uncontested facts are that in late 1964, or early 1965, Fulton entered into a contract with The City of Colorado Springs to construct a public water works for the City. A performance and payment bond guaranteeing Fulton's performance of the contract was executed and delivered to the City by defendant United States Fidelity and Guaranty Company. In February, 1965, plaintiff contracted with Fulton to sell and deliver the pipe and fixtures for the project. Plaintiff alleges complete performance of its obligations under the contract and the failure of Fulton to pay an alleged balance of $999,967.30, plus interest, due and owing on the contract.

On August 10, 1966, plaintiff executed and delivered to The City of Colorado Springs a "Verified Statement and Notice to Withhold" in accordance with the provisions of Colorado Revised Statutes 1963, as amended, 86–7–7, requesting the City to withold from its payments to Fulton sufficient funds to satisfy this unpaid balance and to hold such sum for payment to plaintiff.

On September 28, 1966, plaintiff filed this suit seeking a judgment against Fulton and United States Fidelity and Guaranty Company for the unpaid contract balance, plus interest, and the cost of collection and litigation. It further prayed for an order requiring The City of Colorado Springs to pay over the monies it is withholding in satisfaction of the judgment.

On September 29, 1966, defendant Fulton filed Civil Action No. 3–1690 against plaintiff in the United States District Court for the Northern District of Texas, Dallas Division, alleging full payment of the pipe contract purchase price and asserting damages of some $622,000.00 for alleged defects in the pipe constituting breach of implied warranties.

At this juncture various pretrial motions have been submitted by the parties. Plaintiff has moved to enjoin Fulton from further prosecution of Civil Action No. 3–1690 in the District Court in Texas; defendant City of Colorado Springs has moved to dismiss the complaint as to it for failure to state a cause of action; and defendant Fulton has moved to dismiss the entire suit for improper venue.

■ The first question to be considered is Fulton's question whether venue can be laid in this Court or whether the cause must be dismissed or transferred to a district where it might originally have been brought. Title 28 U.S.C.A. § 1406 (a). We emphasize that this is not a question of jurisdiction over subject matter or persons. Venue problems are somewhat different. These are said to be personal privileges which can be waived. Townsend v. Bucyrus-Erie Co., 10

Cir. 1944, 144 F.2d 106, 108. Yet, when a valid venue objection is interposed, the Court can proceed no further until there is a determination. Title 28 U.S.C.A. § 1406(a); 1 Moore's Federal Practice, ¶0.146[5].

The venue statute under which Fulton asserts his right is 28 U.S.C.A. § 1391. Part (a) of this statute provides that in a diversity suit the action may be brought only in the district where all plaintiffs or all defendants reside. Part (c) states that a corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business. Such judicial district is regarded as the residence of such corporation for venue purposes.[1]

Fulton's basis for contending that the action must be dismissed is that plaintiff is a foreign corporation and he, Fulton, is a citizen and resident of Texas, and thus Colorado is not a district in which all plaintiffs or all defendants reside.

The plaintiff Kaiser has a variety of reasons for seeking to have the case heard and determined in this district. There are practical aspects, such as the fact that Colorado Springs is holding some $550,000.00 of the proceeds; the witnesses are for the most part located in Colorado; and a third party supplier could be reached here and could not be brought into the action in Texas. The need to bring in the supplier, of course, would depend upon the validity of Fulton's counterclaim against Kaiser. As one *legal* basis for retention of the case, Kaiser asserts that section 1391, supra, does not come into play because the action is a local rather than transitory one. See 1 Moore's Federal Practice, supra, ¶0.142 [2.–1].

The difference between a transitory and a local action is not clear. It is said that local actions are those which could have arisen in only a particular place whereas transitory actions are those which could have arisen anywhere. See Livingston v. Jefferson, C.C.D.Va. 1811, 15 Fed.Cas. 660. Sometimes it is a matter of the nature of the relief requested. Mostyn v. Fabrigas, 1 Cowp. 161, 176, 98 Eng.Rep. 1021, 1029 (K.B.1774). Professor Moore maintains that the true distinction is in terms of the character of the remedy sought. Thus, if the effort is to proceed against property, the action is *in rem* and local; on the other hand, if it is a suit against the person, it is transitory. See 1 Moore's Federal Practice, supra, at ¶0.142[2.–1], pages 1455–56.

The case at bar does not entirely qualify as either an action *in rem* or one *in personam*. It has aspects of both. Plaintiff not only seeks to proceed against the funds in the hands of Colorado Springs, but also complains against Fulton *in personam* seeking to establish liability above and beyond the amount impounded. It may well be that the effort directed to the monies held by Colorado Springs is *in rem*. It arises under a Colorado statute, C.R.S. '63, 86–7–7. Such actions have been described as suits to impress a trust or to enforce a lien. See Western Lumber & Pole Co. v. City of Golden, 23 Colo.App. 461, 130 P. 1027 (1913); Continental Casualty Co. v. Rio Grande Fuel Co., 108 Colo. 472, 119 P.2d 618 (1941). Such actions have qualities of local or *in rem* actions. See Kelleam v. Maryland Casualty Co. of Baltimore, 10 Cir. 1940, 112 F.2d 940 [Action to impress a trust on real and personal property having a fixed situs in Oklahoma held to be a local action]; Ober v. Gallagher, 93 U.S. 199, 23 L.Ed. 829 (1876) [Action to enforce a vendor's lien held a local action].

---

1. Title 28 U.S.C.A. § 1391:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside.

*   *   *   *   *   *   *

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

Assuming that an important part of this action is *in rem* (at least to the extent of $531,043.69), nevertheless, the total relief sought approximates one million dollars and thus a large part of the suit is aimed at Fulton as a person.

■ There is further complication in connection with the holding that the action is *in rem* and that is that the *res* has not been brought within the control of the Court. Indeed, as we view it, the Colorado statute contemplates that a judgment against the principal debtor must be obtained in order for the funds to be within the power of the Court. In view of this we are compelled to come to grips with section 1391, supra

■ Under the terms of this statute we could transfer the case to plaintiff's residence in Nevada and venue would certainly be proper there. See 1 Moore's Federal Practice, at ¶0.142[1] and see Dibble v. Cresse, 5 Cir. 1951, 271 F.2d 426. Such a transfer would, however, be unsatisfactory to all of the parties concerned. Nevada has no particular connection with the lawsuit and it would be of no help to Fulton to transfer it there. So this, from a practical standpoint, would be an undesirable disposition. On the other hand, venue in Colorado would be proper as to United States Fidelity and Guaranty Company, § 1391(c), and The City of Colorado Springs, § 1391(a). Plaintiff contends that under § 1391(a), Colorado is a proper district in which to sue Fulton because he is licensed to do business in Colorado and has other ties with the business community in Colorado.[2] Fulton, however, did not abandon his permanent home in Texas, nor is there indication that he established a home in Colorado. The most that he did was to perform an extensive contract in this state. He did this over a long period of time. He continues to assert a very substantial interest in the proceeds of this contract. On the other hand, he has not filed a trade name affidavit as re-

quired by local statute. Under these circumstances Fulton is not a resident of Colorado for venue purposes under § 1391 (a). Nor is Fulton's status as a Colorado resident made out under section 1391(c). By its express terms this section applies only to corporations, and does not grant a plaintiff the right to sue an individual defendant. The question before us, however, is whether it restricts such an action. The section is a relatively recent enactment, having been passed by Congress in 1948. Prior to its enactment the Supreme Court had held in Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 (1939), that a defendant corporation which had appointed an agent for service of process within a state had waived its objection to venue. The express terms of section 1391(c) render it unnecessary to ascertain whether there has been such a waiver in the case of a corporate defendant. The question posed is whether the *Neirbo* doctrine is superseded by the statute. The authorities hold that this rule still has some vitality in instances in which the statute does not apply. See 1 Moore's Federal Practice, at ¶0.146[8]. And indeed, it has been extended to include individuals. See Surclo Mfg. Co. v. Dunlap, 76 F.Supp. 552, E.D.Pa.1958, wherein the defendant was a nonresident individual doing business in Pennsylvania under a trade name. It was held that he came within the *Neirbo* doctrine; that by filing the trade name affidavit he waived his right to object to suit in the Pennsylvania Federal Court.

■ The difference between *Surclo* and the case at bar is that Fulton here did not file a trade name affidavit. He merely qualified to perform the contract and conducted extensive activities. There is authority that waiver of venue does not occur in these circumstances. See Cummer-Graham Co. v. Straight Side Basket Corp., 9 Cir. 1943, 136 F.2d 828; 1 Moore's, supra, at ¶ ¶0.142[5.–3],

---

2. Among other things, he is a Director of the Colorado Commercial Bank of Colorado Springs. Plaintiff regards this as highly significant. We fail to see how this can be regarded as very significant.

0.146[7]. The Maryland District Court, in L'Heureux v. Central American Airways Flying Service, Inc., 209 F.Supp. 713, has held that the *Neirbo* doctrine applies to a nonresident corporation doing business in Maryland even though there had been a failure to qualify. The Court distinguished the actual consent held necessary, Olberding v. Illinois Central Ry., 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39 (1956), involving a suit against a non-resident motorist, and held that the continuous act of doing business within a state forms a stronger basis to imply consent than the single act of driving on its highways. This reasoning is appealing because in each instance the waiver is implied and it is difficult to see why so much importance should be ascribed to the single act of filing a trade name affidavit or, in the case of a corporation, qualify under the statutes. To our mind it is more significant that an individual has voluntarily conducted extensive activities within the state. Finally, it seems anomalous to reward a nonconformist and at the same time to punish the person who abides by the law. Therefore, we hold that the very extensive business activity of Fulton within this district, even though not sufficient to constitute the establishing of a permanent business home, was of sufficient duration and extent to justify the conclusion that he consented impliedly to be sued in Federal Court here.

As an alternative, plaintiff says that it qualifies as a Colorado resident on the basis of its very extensive activity in this state and as a consequence it should be held to reside in Colorado within the meaning of section 1391(a), supra. To reach such a conclusion we would have to construe section 1391(a) so as to make it apply to a corporate plaintiff as well as a corporate defendant. By its terms it does not reach this result, and we have examined the legislative history in an effort to ascertain the reason for its specific application to a corporate defendant. This latter search has yielded nothing. Nevertheless, there is a respectable body of authority which holds that a corporate plaintiff can utilize its terms.[3] There are also cases reaching a contrary result.[4] See generally, Annot. 96 A.L.R. 2d 619.

The question has been considered by the Fourth and Fifth Circuits. See Robert E. Lee & Co. v. Veatch, 4 Cir. 1961, 301 F.2d 434, 96 A.L.R.2d 619, cert. denied 371 U.S. 813, 83 S.Ct. 23, 9 L.Ed. 2d 55 (1962); Carter-Beveridge Drilling Co. v. Hughes, 5 Cir. 1963, 323 F.2d 417.

■ In holding that the section cannot be applied to a corporate plaintiff, Judge Soboloff, in *Veatch,* supra, proceeds on the terms of the statute itself. We agree that it does violence to the statute to try to fit it to a corporate plaintiff, and thus we find that this contention of the plaintiff is lacking in merit.

In summary, then, we hold that Fulton's motion to dismiss or transfer, must

---

3. Toilet Goods Association, Inc. v. Celebrezze, S.D.N.Y.1964, 235 F.Supp. 648; Consolidated Sun Ray, Inc. v. Steel Insurance Co. of America, E.D.Pa.1961, 190 F.Supp. 171; Wear-Ever Aluminum, Inc. v. Sipos, S.D.N.Y.1960, 184 F.Supp. 364; Travelers Ins. Co. v. Williams, W.D.N.C.1958, 164 F.Supp. 566, aff'd 265 F.2d 531, 4 Cir. 1959; Standard Ins. Co. v. Isbell, E.D.Tex. 1956, 143 F.Supp. 910; Eastern Motor Express, Inc. v. Espenshade, E.D. Pa.1956, 138 F.Supp. 426; Southern Paperboard Corp. v. United States, S.D.N.Y. 1955, 127 F.Supp. 649; Hadden v. Barrow, Wade, Guthrie & Co., N.D.Ohio 1952, 105 F.Supp. 530; Freiday v. Cowdin, S.D.N.Y.1949, 83 F.Supp. 516.

4. Lumbermens Mutual Casualty Co. v. South Portland Engineering Co., S.D. N.Y.1966, 252 F.Supp. 149; Abbott Laboratories v. Celebrezze, D.Del.1964, 228 F.Supp. 855; Nebraska-Iowa Bridge Corp. v. United States, D.Neb.1958, 158 F.Supp. 796; Albright & Friel, Inc., of Delaware v. United States, E.D.Pa.1956, 142 F.Supp. 607; United Merchants & Manufacturers, Inc. v. United States, M.D.Ga.1954, 123 F.Supp. 435 [dicta]; Chicago & North Western Ry. v. Davenport, S.D.Iowa 1950, 94 F.Supp. 83, vacated on other grounds, S.D.Iowa 1951, 95 F.Supp. 469; North River Ins. Co. v. Davis, D.C.Va.1965, 237 F.Supp. 187.

be denied, and we base our rule on the *Neirbo* doctrine. We take the view that Section 1391(c), while it does not in express terms grant a corporate plaintiff the right to sue, does not prohibit such right. The Congress did not wipe out the *Neirbo* implied consent doctrine. We hold that there is every reason for applying it to an individual such as Fulton who has been active in this district. Basically, the practical results for retaining the case are cogent. As already noted, the money is here, the parties are here, the witnesses are here. It makes no sense whatever to transfer this to either Texas or Nevada. If it were to be transferred to Texas it would have to be tried piecemeal since the alleged negligence of plaintiff's subcontractor, Coppco, Inc., a Colorado corporation, who cannot be made a party in Texas, will apparently be an issue. Furthermore, the actions against United States Fidelity and Guaranty, and possibly the *in rem* aspect of the action against Fulton, could be maintained in Colorado. All in all, we are of the opinion that it makes sense to proceed with this suit on its merits.

◼ The motion of Colorado Springs to dismiss is at this time at least, denied. We note, however, that Colorado Springs is a nominal party—a stakeholder in a sense. As to the effort to obtain an injunction against Fulton's continuing to prosecute his subsequently-filed lawsuit in the Northern District of Texas involving the same subject matter, action on this can be postponed until we can ascertain whether such drastic relief is necessary to the preservation of our jurisdiction. It is

Ordered that the motions of Fulton should be, and the same are hereby denied.

◼ The matter is one, however, which justifies, as we view it, a Certificate of Probable Cause so that Fulton can take an interlocutory appeal. We are inclined to grant such a certificate, but are willing to allow plaintiff Kaiser to be heard on this subject if it wishes to be heard.