**CENTENNIAL PETROLEUM, INC., Plaintiff,**

v.

**C. L. (Cham) CARTER, Defendant.**

**Civ. A. No. 81–K–1488.**

United States District Court, D. Colorado.

Jan. 12, 1982.

Richard K. Rufner, Douglas A. Sykes, Overton & Sykes, Englewood, Colo., for plaintiff.

Ellis & Frates and Roger Swan, Oklahoma City, Okl., Peter A. Robinson, Robinson, Waters, O'Doriso & Rapson, Denver, Colo., for defendant.

MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This case involves a contract between the plaintiff, a Colorado corporation involved in oil and gas drilling, and the defendant, an Oklahoma lease broker, for the purchase of oil and gas leases on approximately 20,000 acres of Kansas land. This court has subject-matter jurisdiction under 28 U.S.C. § 1332.

Plaintiff alleges that leases covering 9163.26 acres failed to conform to the contract. Plaintiff seeks compensatory damages for the alleged breach and punitive damages for fraud and misrepresentation.

Defendant moved to dismiss the complaint, arguing that this court lacks jurisdiction because the action is "local" to Kansas. Defendant contends that the suit is in essence one for recission of the lease assignments, based on a challenge to defendant's title to the mineral interests, and therefore is a "local" action that must be brought in Kansas, the state where the property is located. I now deny this motion.

There are no federal statutes that define "local" as opposed to "transitory" actions, although 28 U.S.C. §§ 1392, 1393(a) recognize that a distinction exists. The distinction is judge-made and longstanding. See, e.g., *Livingston v. Jefferson*, 15 Fed.Cas. p. 660, No. 8411 (D.Va.1811); *Ellenwood v. Marietta Chair Co.*, 158 U.S. 105, 107, 15 S.Ct. 771, 771, 39 L.Ed. 913 (1895).

There is equally longstanding confusion over the proper definition of local action, the justification for the distinction, and the choice of applicable law. Under early English law all actions were local, since jurors were expected to be familiar with the facts. See Blume, *Place of Trial in Civil Cases*, 48 Mich.L.Rev. 1, 37 (1949). Mindful of that historical basis of the distinction, one commentator argued that there is no real justification for it, that transitory actions are those which have somehow been freed from the localizing effect of the common

law's institutions, traditions and forms. The remainder are local not because of inherent characteristics which make them so in the nature of things, but simply because they have not been so liberated. Currie, *The Constitution and The "Transitory" Cause of Action*, 73 Harv.L.Rev. 36, 67 (1959).

Most judges and commentators, however, have seen some justification for preserving a distinction. One approach is to hold that *in rem* actions are local, *in personam* actions are transitory. See *Casey v. Adams*, 102 U.S. 66, 68, 26 L.Ed. 52 (1880); 1 *Moore's Federal Practice*, ¶ 0.142[2.–1] at 1362–63 ("the character of the remedy sought should be determinative"). This distinction may be justified by its direct relation to the power of the court to effect its judgment. See *Livingston v. Jefferson*, 15 Fed.Cas. at p. 664 (citing *Mostyn v. Fabrigas*, 1 Cowp. 166).

The majority [1] definition, however, is

that actions are deemed transitory, where transactions on which they are founded, might have taken place anywhere; but are local where their cause is in its nature necessarily local.

*Id.* This definition includes within the "local" category not only all *in rem* actions, but also *in personam* actions of trespass and actions involving injury to land. See *Moore's Federal Practice*, ¶ 0.142[2.–1] at 1368.

The present case is a transitory action under either test. The action is clearly *in personam* because plaintiff seeks only money damages. The action does not involve trespass, waste, or injury to land, but rather seeks damages for the tender of nonconforming legal instruments pursuant to a contract between the parties. Courts have universally held that actions based on fraud, trust, or contract are transitory, even though lands not within the jurisdiction of the court may be affected by the decree. *Id.* at 1367; *Massie v. Watts*, 10 U.S. (6

---

1. See *Moore's Federal Practice*, ¶ 0.142[2.–1] at 1363 n.11. For justification for this approach see the note by Judge Hare in *Mostyn v. Fabri-* gas that is quoted in *Kentucky Coal Lands Co. v. Mineral Development Co.*, 191 F. 899, 910 (6th Cir. 1911).

Cranch.) 148, 159–60, 3 L.Ed. 181 (1810); C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure*, § 3822 at 132–33 (1976).[2]

The preceding analysis would dispose of this motion if federal law definitely controlled. This was Chief Justice Marshall's opinion:

I am decidedly of the opinion, that the jurisdiction of the courts of the United States depends, exclusively, on the constitution and laws of the United States.

*Livingston v. Jefferson*, 15 Fed.Cas. at p. 665.[3]

However, another view is that the law of the state where the land is located controls the definition of what is a local action. See, e.g., *Stewart Oil Co. v. Sohio Petroleum Co.*, 185 F.Supp. 765, 767 (E.D.Ill.1960) (citing, perhaps inappropriately, *Kentucky Coal Lands Co. v. Mineral Development Co.*, 191 F. 899, 916–17 (6th Cir. 1911)). Under this approach Kansas law would apply, and

there is no doubt that the action would be deemed transitory. *Roberts v. Cooter*, 184 Kan. 805, 339 P.2d 362, 368 (1959).

The majority rule,[4] however, apparently deriving from dictum in *Huntington v. Attrill*, 146 U.S. 657, 669–70, 13 S.Ct. 224, 228, 36 L.Ed. 1123 (1892),[5] is that the law of the forum state must be applied to determine whether an action is local or transitory. See, e.g., *Erwin v. Barrow*, 217 F.2d 522, 524–25 (10th Cir. 1954).[6] Under this approach I must determine whether, under Colorado law, this action is local or transitory.[7]

Unfortunately, Colorado law is not clear on this question. For in-state venue questions Colo.R.Civ.P. 98(a) provides that "[a]ll actions affecting real property" must be tried to the county where the property or a substantial part of it is located. In *Jameson v. District Court*, 115 Colo. 298, 172 P.2d 449 (1946), the court considered a contract

---

**2.** The four cases relied upon by the defendant do not support his position that this action must be brought in Kansas. One of them, *Livingston v. Jefferson*, reiterates the "general rule" that all actions on contract, even those respecting land, are transitory. 15 Fed.Cas. at p. 664. *Weaver v. Atlas Oil Co.*, 31 F.2d 484 (D.La.1929), was an action to annul an oil and gas lease, brought in the district where the land was located. The court dismissed the action for damages, but allowed the action for annulment of the lease to proceed, with the result to be "binding only as to the property involved." *Id.* at 485. In *Minichiello Realty Associates, Inc. v. Britt*, 460 F.Supp. 896 (D.N.J.1978), *aff'd mem.*, 605 F.2d 1196 (3d Cir. 1979), the only issue was whether the plaintiff or the defendant held title to the property. *Collett v. Adams*, 249 U.S. 545, 39 S.Ct. 372, 63 L.Ed. 764 (1918), held that a suit by a trustee in bankruptcy to set aside as a preference a conveyance of real property was sustainable in the district where the property was located.

**3.** This approach has been urged by others as well. See Note, *Local Actions in the Federal Courts*, 70 Harv.L.Rev. 708, 711 (1957); Wright, Miller & Cooper, § 3822 at 129.

**4.** Moore's Federal Practice, ¶ 0.142[2.–1] at 1368 n.40.

**5.** See Wright, Miller & Cooper, § 3822 at 130 n.25. This dictum was apparently based on a misinterpretation of Chief Justice Marshall's opinion in *Livingston v. Jefferson*. *Id.*

**6.** The Tenth Circuit arrived at this result from *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The court stated that a federal court in a diversity action is only "another court of the State" (quoting *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 108, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079 (1945)) and

the rule against impairment of federal jurisdiction by the incidence of state law does not preclude the state from closing the doors of federal diversity courts to suitors to whom it has closed its own doors.

*Erwin v. Barrow*, 217 F.2d at 524. This reasoning has been criticized:

Since a basic purpose of diversity jurisdiction is to prevent discrimination by the forum state against citizens of other states, it would seem inappropriate to apply a state rule which has the effect of insulating domestic citizens from liabilities incurred in other states.

Note, *Local Actions in the Federal Courts*, 70 Harv.L.Rev. at 714.

**7.** If the law of the forum controls, and if Colorado law holds such an action to be local, then the anomalous situation will exist where the action cannot be brought in Kansas because Kansas law holds that it is transitory, and it cannot be brought in Colorado because Colorado law holds that it is local to Kansas.

where the plaintiff sold timber standing on his land to the defendant. The contract specified certain procedures that the defendant was to follow in cutting and removing the timber and debris. The plaintiff alleged that the defendant breached these contract provisions and sought recission of the contract and damages. The court noted that the *in rem/in personam* distinction is "the usual but not exclusive test" to determine what venue is proper, and that the "substance, not the form, of the action must control." *Id.* at 301, 172 P.2d at 451. The court then found that:

> While in form this is an action to rescind a contract, in substance it is an action to determine title to timber located on land
> . . . .

*Id.* at 299, 172 P.2d at 450. The court then held that "affecting real property" in Colo. R.Civ.P. 98(a) "is as broad a term as 'to determine a right or interest in,' " *id.* at 300, 172 P.2d at 450, and held that the action must proceed in the county where the land was located. It is not clear that the Colorado Supreme Court would reach the same result in an interstate dispute as it would in an inter-county dispute, especially if there is a danger of depriving the plaintiff of a forum, see note 7 *supra.*

In *Kaiser Steel Corp. v. Fulton,* 261 F.Supp. 997, 999 (D.Colo.1966), Judge Doyle considered the local action rule in a diversity case, and applied the first test described above, i.e., *in rem* actions are local; *in personam* actions are transitory. Presumably he was applying Colorado law as required by *Edwin v. Barrow,* although the only citation was to *Moore's Federal Practice. Id.* Under this interpretation of Colorado law, the present action is transitory.

I conclude that this action should be considered transitory. This is clearly the proper result under any of the tests except perhaps the one that would apply Colorado law. If Colorado law does in fact apply here, this result is probably still proper. *Jameson* is distinguishable because in it the title to the timber was inextricably connected with the contract dispute and the desired remedy. In contrast, the plaintiff here seeks only damages and does not claim title to any property. In addition, if I were to dismiss this case, the plaintiff might not be able to refile it in any other forum. I therefore conclude that this case is properly brought in this court. It is

ORDERED that defendant's motion to dismiss is denied.