**James P. ROGERS, Plaintiff,**

v.

**CLIPPER CRUISE LINES, INC., Defendant.**

**Civ. A. No. 86–C–322.**

United States District Court, D. Colorado.

Dec. 31, 1986.

Jorge Castillo, Mark W. Gerganov, Denver, Colo., for plaintiff.

R. Michael Ludwig, Denver, Colo., for defendant.

ORDER

CARRIGAN, District Judge.

James P. Rogers, a resident of Colorado, filed this diversity action against Clipper Cruise Lines, Inc. ("Clipper"), a Delaware corporation. Defendant has moved to dismiss for lack of personal and subject matter jurisdiction. Clipper argues that personal jurisdiction is not authorized by Colorado's long-arm statute and that subject matter jurisdiction is absent since this is a local action affecting real property which must be tried where the property is located.

This case arises out of the plaintiff's ownership of land in the British Virgin Islands. Defendant moors its vessels in Leverick Bay and discharges its passengers on land belonging to the plaintiff's neighbor. Plaintiff alleges that all parcels in the subdivision are subject to a restrictive covenant that prohibits their use for ingress to or egress from the bay, and further prohibits the keeping of vessels (other than private yachts) and other vessel-related activities in the surrounding waters. Plaintiff seeks damages for loss of property rights and seeks to enjoin the defendant from further violating the restrictive covenants.

I. *Personal Jurisdiction.*

In diversity cases subject to Colorado state law, as this case is, a federal court's jurisdiction is coextensive with that of the Colorado state courts. *Ruggieri v. General Well Service, Inc.,* 535 F.Supp. 525 (D.Colo.1982). Personal jurisdiction questions must be resolved by analyzing cases applying Colorado's long-arm statute,

C.R.S. § 13–1–124(1)(a). That statute provides:

> Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an agent, submits such person, and, if a natural person his personal representative, to the jurisdiction of the courts of this state concerning any cause of action arising from:
>
> (a) The transaction of any business within this state;
>
> (b) The commission of a tortious act within this state;
>
> (c) The ownership, use, or possession of any real property situated in this state; or
>
> (d) Contracting to insure any person, property, or risk residing or located within this state at the time of contracting.

The case law may be analyzed as falling into one of two categories: (1) cases where the claim has arisen out of contacts the defendant has had with the state, *see, e.g., Van Schaack v. District Court*, 189 Colo. 145, 538 P.2d 425 (1975); and, (2) cases where the claim does not arise out of the defendant's forum related activities. *See, e.g., Waterval v. District Court*, 620 P.2d 5 (Colo.1980). To determine whether there are sufficient contacts between the forum state and the defendant to satisfy due process, fair play and substantial justice, a "minimum contacts" test is followed in the first group of cases. *See, e.g., Marquest Med. Prods., Inc. v. Emde Corp*, 496 F.Supp. 1242 (D.Colo.1980). On the other hand, a "substantial continuous contacts" test is followed in the latter group of cases. *See, e.g., Le Manufacture Francaise v. District Court*, 620 P.2d 1040 (Colo.1980) (en banc). The instant case falls into the latter category.

I must decide, therefore, whether the defendant has "carrie[d] on a continuous and systematic part of its general business in the forum state through its agents, [such] that the exercise of jurisdiction over an unrelated cause of action is reasonable and just." *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733

(10th Cir.1984) (citing *Perkins v. Benquet Consolidated Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952). Since personal jurisdiction is decided on a case by case *ad hoc* basis, the facts are determinative as to whether jurisdiction is appropriate. *Ruggieri v. General Well Service Inc.*, 535 F.Supp. 525, 531 (D.Colo.1982).

Defendant's alleged contacts with Colorado are that it:

(1) Sold cruises to at least 85 Colorado residents during 1985 and 1986;

(2) Sent its agent, Sharon Kraigher, into Colorado to transact business with Colorado travel agents and promote the defendant's cruises;

(3) "Transacted business" with at least 23 Colorado travel agents;

(4) Discounted airfares for Colorado residents;

(5) Wrote to Colorado travel agents inviting them to take cruises;

(6) Discounted cruises for Colorado travel agents;

(7) Wrote to Colorado residents advertising cruises; and,

(8) Received economic benefits from promotional and sales activities in Colorado.

██ Plaintiff bears the burden of establishing personal jurisdiction over the defendant. *American Land Program, Inc. v. Bonaventura Vitgevers Maatschappij, N.V.*, 710 F.2d 1449, 1454 n. 2 (10th Cir. 1983). Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a *prima facie* showing. *Id.; Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731 (10th Cir.1984).

██ I find and conclude that the above evidence constitutes a *prima facie* showing that Clipper has maintained continuous and substantial business contacts in Colorado. Defendant has specifically targeted Colorado for commercial purposes, has conducted substantial business in the state and has maintained a continuing working relationship with Colorado travel agencies through the presence of its agent, Sharon Kraigher.

The Colorado long-arm statute is intended to allow Colorado courts to assert jurisdiction to the maximum extent permissable under due process. *See, e.g., Le Manufacture Francaise des Pneumatiques Michelin v. District Court,* 620 P.2d 1040, 1044 (Colo.1980). Through its continuous and systematic commercial activities in the Colorado travel market, the defendant has established a presence in Colorado such that the exercise of jurisdiction over this unrelated cause of action is reasonable, just and in conformance with the principles of due process.

Defendant's Motion to Dismiss for lack of *in personam* jurisdiction is denied.

## II. *Subject Matter Jurisdiction.*

■ There is no federal or state statutory definition of what constitutes "local" as opposed to "transitory" actions, although 28 U.S.C. §§ 1392, 1393(a) recognize that distinctions exist. The majority definition is that actions are transitory when the facts on which they are based could have occurred anywhere, but are local where their cause is in its nature necessarily local. *Centennial Petroleum, Inc. v. Carter,* 529 F.Supp. 563 (D.Colo.1982). This definition includes within the "local" category not only all *in rem* actions, but also *in personam* actions of trespass and actions involving injury to land. *Id.; Moore's Federal Practice,* § 0.142[2.1] at 1368.

Plaintiff contends that this case is a transitory contract action which could have arisen anywhere and requires the court to exercise jurisdiction over the person, not the *res.* To the contrary, this action could have arisen in only one place: on property neighboring the plaintiff's property in the British Virgin Islands where the defendant's alleged injurious actions took place.

Plaintiff further argues that the character of the remedy sought is determinative of whether the action is local or transitory. Thus the plaintiff states that he does not seek damages for injury to his property, but for violation of contractual rights created by a restrictive covenant.

This action cannot be pigeonholed quite that easily. In his prayer for relief, the plaintiff seeks damages for property loss and dimunition in the value of his land caused by the defendant's alleged actions. This case is determinative of property rights and directly affects property owned by the plaintiff that is located in another jurisdiction where all the facts occurred and nearly all the witnesses reside.

The law of the forum state must be applied to determine whether an action is local or transitory. *Edwin v. Barrow,* 217 F.2d 522, 524–25 (10th Cir.1954). Unfortunately Colorado case law does not contain a clear statement on the distinction between local and transitory actions. An instructive case, however, is *Jameson v. District Court,* 115 Colo. 298, 172 P.2d 449 (1946), where the contract in dispute established procedures for the sale of timber standing on the plaintiff's land. Plaintiff sought recission alleging that the defendant violated those procedures. The court stated that, while in form the action was to rescind a contract, in substance it was a local action to determine title to timber located on land. *Id.,* 115 Colo. at 299, 172 P.2d at 450.

A contrasting case is *Centennial Petroleum, Inc. v. Carter,* 529 F.Supp. 563 (D.Colo.1982), where Colorado law was applied to determine whether an action to rescind oil and gas leases was local or transitory. The court held the action to be transitory since the land subject to the leases was only indirectly affected by a dispute over contract terms. *Id,* 529 F.Supp. at 566.

The instant case lies somewhere between the facts presented in *Jameson* and those found in *Centennial.* Although title is not in question here as it was in *Jameson,* the scope of Rogers' property interest is very much in question. If it is finally determined that the plaintiff's property is benefited by the restrictive covenants, his ownership interest is presumably greater than if the covenants are found to be unenforceable.

Just as *in personam* trespass actions and matters involving injuries to real property are local, *Moore's Federal Practice,* § 0.142(2.–1) at 1368, this is an action to determine the benefits and burdens of land and it must be resolved where the land is located and where the disputed events took place. I find and conclude that this is an *in personam* local action over which this court lacks subject matter jurisdiction.

Accordingly,

IT IS ORDERED:

(1) That the defendant's Motion to Dismiss for lack of *in personam* jurisdiction is denied;

(2) That the defendant's Motion to Dismiss for lack of subject matter jurisdiction is granted. Plaintiff's complaint is dismissed without prejudice, each party shall bear his or its own fees and costs.