**William J. MOORE, Personal Representative of the Estate of Victoria Sue Jago, Deceased, Plaintiff,**

**v.**

**MACKINAC COUNTY BOARD OF ROAD COMMISSIONERS and Mark Blakely, Jointly and Severally, Defendants.**

No. M88–15–CA–3.

United States District Court,
W.D. Michigan, S.D.

June 15, 1988.

Kenneth B. McConnell, James P. Hoy, Bloomfield Hills, Mich., for plaintiff.

Robert K. Kaufman, Robert P. Tremp, Traverse City, Mich., for Mackinac County Bd. of Road Com'rs.

John W. Sharp, Traverse City, Mich., for Mark Blakely.

### OPINION

BELL, District Judge.

Before this Court is a motion of Defendant Mackinac County Board of Road Commissioners (Mackinac) to dismiss Plaintiff William J. Moore's (Moore) complaint for lack of subject matter jurisdiction. Macki-

nac claims that diversity jurisdiction was improperly manufactured for this Court by inappropriately joining Moore as personal representative in this wrongful death action because of his diverse state citizenship.

## BACKGROUND

This wrongful death action arises out of an automobile accident that occurred in Mackinac County, Michigan, on September 22, 1986, when the car in which plaintiff's decedent was a passenger ran a stop sign and was hit by a Mackinac County Road Commission vehicle. The deceased died intestate. The deceased, her father, and other survivors were all Michigan residents. The drivers and owners of the vehicles involved were all Michigan citizens. The deceased's father was appointed administrator of the estate and temporary personal representative of the estate on October 8, 1986, and then permanent representative on October 21, 1986. Except for this present wrongful death action, the father fully administered the estate. The father sought discovery through the probate court to explore the possibility of a wrongful death action. Later, the father petitioned the probate court to withdraw as permanent personal representative and requested the appointment of William J. Moore, a citizen of Illinois, as the permanent personal representative. On December 28, 1986, the probate court granted the father's request. Within a month Moore, as personal representative, brought this present action in this court alleging diversity jurisdiction under 28 U.S.C. § 1332(a)(1) by relying on his Illinois citizenship.

Defendant Mackinac asserts that this Court lacks subject matter jurisdiction to hear Plaintiff's complaint because Plaintiff Moore was improperly appointed as the personal representative merely to manufacture diversity jurisdiction. Plaintiff Moore contends that his appointment as a nonresident fiduciary personal representative is entirely valid and confers subject matter jurisdiction upon this Court.

## ANALYSIS

The issue now before this Court is whether this Court has subject matter jurisdiction by reason of diversity of citizenship where Plaintiff is alleged to have been collusively appointed as personal representative expressly to create diversity.

■ This Court acknowledges that diversity jurisdiction under 28 U.S.C. § 1332(a)(1) may be predicated upon the citizenship of a foreign personal representative who is a real party in interest. *Mecom v. Fitzsimmons Drilling Co., Inc.,* 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed.2d 233 (1931), *Deposit Guaranty Bank and Trust v. Burton,* 380 F.2d 346 (6th Cir.1967). However, Congress qualified this jurisdictional grant by enacting 28 U.S.C. § 1359 to insure litigation only of cases based upon authentic diversity jurisdiction. Specifically 28 U.S.C. § 1359 provides:

> A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction such court.

Federal appellate case law has consistently recognized Congress' intent when interpreting § 1359.

> By enacting Sec. 1359, Congress sought to assure that ordinary contract and tort litigation is not diverted to the Federal Courts by litigants using devices to create the appearance, but not the substance, of Federal diversity jurisdiction.... The courts of appeal have interpreted Sec. 1359 to limit the scope of Sec. 1332 in case involving administrators and guardians appointed for the apparent purpose of creating diversity of citizenship.... These courts have concluded that the appointment of an administrator with diverse citizenship is not dispositive of the jurisdictional question, even if the representative has the power to sue in his own name.... These decisions are premised upon the need to assure that the federal courts consider only those "cases that 'really and substantially' involve a dispute within the jurisdiction of the federal courts" by assuring that the federal courts do not assume jurisdiction when the dispute is local, rather interstate, in character ....

Thus, these courts have concluded that a "party . . . has been improperly or collusively made or joined . . ." 28 U.S.C. Sec. 1359, when the primary aim of the transaction or appointment is to manufacture federal jurisdiction. (citations omitted) *Gross v. Hougland*, 712 F.2d 1034, 1038 (6th Cir.1983). Clearly the Sixth Circuit prohibits appointment of a nonresident personal representative merely to manufacture diversity jurisdiction. *See also Kramer v. Caribbean Mills*, 394 U.S. 823, 89 S.Ct. 1487, 23 L.Ed.2d 9 (1969); *Messer v. American Gems*, 612 F.2d 1367 (4th Cir. 1980) *cert. denied* 446 U.S. 956, 100 S.Ct. 2927, 64 L.Ed.2d 815 (1980); *Betar v. De Havilland Aircraft of Cananda, Ltd.*, 603 F.2d 30 (7th Cir.1979) *cert. denied* 444 U.S. 1098, 100 S.Ct. 1064, 62 L.Ed.2d 785 (1980).

The court in *Gross* also suggested factors to consider in applying § 1359:

> In the context of Sec. 1359, the plaintiff must show that the primary purpose for the appointment of the fiduciary is not to manufacture diversity of citizenship. . . . We emphasize, however, that the subjective purpose of the party procuring the appointment is not the sole factor in this inquiry. . . . In the course of such an inquiry, several factors may be material: the court should consider, among other things, whether the fiduciary has duties other than prosecuting the lawsuit . . . whether the fiduciary is the "natural" representative . . . whether the appointment was in fact motivated by a desire to create diversity jurisdiction . . . and whether the suit is local in character. (citations omitted)

*Gross*, at 1038, 1039.

■ In summary the Plaintiff has the burden to establish that the primary purpose for the appointment of a nonresident personal representative was not to manufacture diversity jurisdiction. To determine if Plaintiff has met this burden a court should evaluate whether: (1) a personal representative has duties other than prosecuting the lawsuit, (2) the personal representative is the natural representative, (3) the appointment was motivated to manufacture diversity, and (4) the suit is local in character. This Court has applied these criteria to the instant case as presented in the pleadings and other submitted documents.

The scope and range of functions that a nonresident personal representative performs qualifies the propriety of such an appointment. At the time of Moore's appointment as personal representative, the record of the Hearing on Petition for appointment of Successor Personal Representative, at 1, indicates that the decedent's father had fully administered the estate except for this present lawsuit. As the newly appointed nonresident personal representative Moore's only function was to prosecute this present lawsuit. Moore's limited scope and function requires this Court's further scrutiny.

The "naturalness" of a fiduciary further qualifies the propriety of appointing a nonresident personal representative. Decedent died intestate with no predesignated personal representative. The Michigan Revised Probate Code of 1978 (Probate Code), M.C.L. § 700.116; M.S.A. § 27.5116, preferentially ranks the desired status of personal representatives. The preferred order of desirability is: (1) the surviving spouse or person selected by same, (2) an heir of decedent or person selected by same, and (3) an interested person or the public administrator of the county. Decedent's father served as the personal representative and administered the entire estate save this present lawsuit. Moore is not a relative, nor was he a friend or acquaintance of the decedent's family before being considered for appointment as the personal representative. Under the Michigan Probate Code, Moore's appointment as a *nonresident* personal representative is not the preferred selection. M.C.L. § 700.531(1); M.S.A. § 27.5531(1). Moreover, under the Probate Code Moore does not qualify as a nonresident fiduciary because he cannot satisfy the enumerated criteria. M.C.L. § 700.531(2)(a)-(e); M.S.A. § 27.5531(2)(a)-(e). This Court determines that Moore is not readily characterized as a "natural" personal representative for the decedent's estate.

A subjective motivation to create diversity jurisdiction by appointing a nonresident personal representative further qualifies the appropriateness of such an appointment. One of Plaintiff's co-counsel, attorney Kenneth B. McConnell, filed an affidavit in response to Defendant's motion to dismiss. In the affidavit McConnell comments on the probability of "local" prejudice in favor of Mackinac County and explicitly acknowledges that Moore's nonresident status would create diversity jurisdiction in this action. *See* Affidavit, § 3(B) at p. 4.

Even though Plaintiff and affiant McConnell acknowledge their subjective motivation to create diversity jurisdiction, Plaintiff claims that such motivation was secondary to other considerations. First, Plaintiff argues that decedent's father desired to avoid a conflict of interests. Plaintiff claims that the father as a fiduciary personal representative was a real party in interest and had an automatic conflict of interest with decedent's three children in maximizing both his own and their interests. Second, Plaintiff asserts that either no local attorney was available or the decedent's father had no confidence in any available local attorney to serve as personal representative. However, Moore as Plaintiff contends that the father did have sufficient confidence and trust in Moore as personal representative, Moore being an attorney, business associate, and personal friend of McConnell, counsel in the present action.

This Court finds these other considerations unfounded. The Michigan Wrongful Death Act, M.C.L. § 600.2922; M.S.A. § 27A.2922, requires that a wrongful death action be prosecuted in the name of the personal representative. But under the act the personal representative does not determine distribution of proceeds recovered for the estate, rather the court or jury does. M.C.L. § 600.2922(6)(a)–(e); M.S.A. § 27A.2922(6)(a)–(e). Moreover, as noted before, the Probate Code prefers appointment of a personal representative who is interested. M.C.L. § 700.531(1); M.S.A. § 27.5531(1). This Court determines that the nonresident friend and business associate of Plaintiff's counsel who himself was only introduced to this litigation by the attorney of the decedent's father, while serving as personal representative, is not a significantly "natural" person for purposes of establishing diversity jurisdiction.

 The local character of a suit also qualifies the legitimacy of appointing a nonresident personal representative for diversity jurisdiction. The local aspect in a diversity jurisdiction context refers to intrastate disputes in contradistinction to interstate disputes. In the present case the real substantive interests presented by Plaintiff and Defendants are state based and, therefore, local for purposes of diversity analysis. Moreover, Plaintiff's concerns about "local" prejudice in favor of Mackinac County are not germane to invoking the historic rationale for diversity jurisdiction. *Bank of the United States v. Deveaux*, 5 Cranch 61, 3 L.Ed. 38 (1809).

### CONCLUSION

This Court finds that 28 U.S.C. § 1359 applies to the facts of this case as indicated in the pleadings and other submitted documents and requires dismissal. Accordingly, this Court grants the motion of Defendant Mackinac County Board of Road Commissioners to dismiss this action for lack of jurisdiction.